## PARKS v. CITY OF WACO.    (No. 216.)

(Court of Civil Appeals of Texas.. Waco. June 18, 1925.)

**1. Appeal and error ⬦281(1) — Motion for new trial not prerequisite to perfecting appeal under statute.**

Under Rev. St. art. 1991, it is not a prerequisite to perfect an appeal that appealing party shall move for new trial.

**2. Appeal and error ⬦294(1) — Motion for new trial essential on appeal, where case tried before jury.**

Where a case is tried before a jury, it is essential that a motion for new trial be filed, in order to have questions of fact reviewed by appellate court.

**3. Appeal and error ⬦282—Motion for new trial not necessary on appeal, where case tried before court without jury.**

Where a case was tried before a court without a jury, a motion for new trial was not necessary to present questions for review on appeal.

**4. Eminent domain ⬦167(4)—Condemnation proceeding governed by statute, and validity depends on compliance therewith.**

A proceeding to condemn land for public use is governed by Rev. St. arts. 6506–6530, is special in character, and its validity must depend on compliance with law authorizing it.

**5. Eminent domain ⬦172 — One asserting right under decree in condemnation proceeding must show court had jurisdiction to render decree.**

One seeking to show a right under a decree in a condemnation proceeding must show that court had jurisdiction to render it, and nothing will be presumed in favor of the power of the tribunal.

**6. Eminent domain ⬦246(1)—Judgment in condemnation proceeding held void, since proceeding was reinstated without authority in a subsequent term after dismissal in prior term.**

Where original condemnation proceeding was dismissed by trial judge, judge was without power to reinstate such proceeding in a subsequent term of court, and his act in assuming to do so was a nullity, and judgment rendered in such proceeding was therefore void.

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. Eminent domain ⬳234(2), 241—Judgment in condemnation proceeding void for lack of description of land in commissioners' report or judgment.**

A judgment in a condemnation proceeding was void, where there was no description of the condemned land, as required by statute, either in the report of the commissioners or in the judgment.

**8. Eminent domain ⬳241—Judgment in condemnation proceeding void, where record does not show court appointed appraisers.**

Where there was nothing in the record to show that the court appointed any appraisers in judgment, such proceeding was erroneous.

**9. Eminent domain ⬳180—Proof of notice of time and place of hearing of commissioners to assess damages necessary to confer jurisdiction on court to enter condemnation decree.**

In order to confer jurisdiction on the county court to enter a condemnation decree, it must be proved that notice of the time and place of hearing to assess damages was given in accordance with statute to the landowner, and such notice cannot be presumed from declarations in report of commissioners, nor recitals in decree of condemnation.

**10. Eminent domain ⬳234(1)—Statute does not authorize commissioners in condemnation proceeding to state in their report conclusions as to sufficiency of notice given landowner.**

Rev. St. art. 6522, requiring commissioners in a condemnation proceeding to return with their report all papers connected with case, does not authorize them to state their conclusions as to the sufficiency of the notice of hearing to assess damages given by them to landowner as provided by sections 6511–6515; but this should be shown by original notice and return on same, showing proper service or proper waiver signed by owner.

Error from McLennan County Court; Giles P. Lester, Judge.

Suit by the City of Waco to condemn a part of a lot of V. J. Parks. Judgment for condemnation of said land was rendered in favor of the City and Parks brings error. Reversed, and proceeding dismissed.

Allan V. McDonnell and William Sleeper, both of Waco, for plaintiff in error.

John McGlasson, of Waco, for defendant in error.

STANFORD, J. This was a suit by the city of Waco to condemn a part of a lot of V. J. Parks, for the purpose of widening a street. Judgment for condemnation of said land in favor of the city, and awarding damages to V. J. Parks for $125, was rendered. Other facts will be stated in our disposition of the assignments discussed.

Defendant in error, who will hereinafter be referred to as defendant, has filed a motion to dismiss this appeal, because plaintiff in error, who will hereinafter be referred to as plaintiff, failed to file any motion for a new trial or to vacate the judgment of the trial court prior to filing his petition for a writ of error to this court, for which reason defendant contends this court is without jurisdiction to entertain the petition for writ of error. This motion was submitted in this court with the submission of the case, so we will first dispose of said motion.

[1-3] Under Revised Statutes, art. 1991, it is not a prerequisite to perfecting an appeal that the appealing party shall move for a new trial. Craver v. Greer, 107 Tex. 356, 179 S. W. 862; Craver v. Greer (Tex. Civ. App.) 182 S. W. 368. Where a case is tried before a jury, in order to have a question of fact reviewed by an appellate court, it is essential that a motion for a new trial be filed, presenting said question first to the trial court. Railway Co. v. Worley (Tex. Civ. App.) 25 S. W. 478; Degener v. O'Leary, 85 Tex. 171, 19 S. W. 1004. But, this case being tried before the court without a jury, a motion for a new trial was not necessary to present questions for review in this court. Hess et al. v. Turney, 109 Tex. 208, 203 S. W. 593; Hess et al. v. Turney (Tex. Civ. App.) 207 S. W. 171; Rockdale Merc. Co. v. Brown (Tex. Civ. App.) 184 S. W. 281; Carey v. Texas Oil Co. (Tex. Civ. App.) 237 S. W. 309. The motion of defendant in error to dismiss this appeal is overruled.

Under plaintiff's second and third assignments, it is contended the court erred in entering an order reinstating this case without notice to plaintiff, after it had been dismissed at a previous term of court, and also erred in rendering judgment by default in said cause at said subsequent term, after having been illegally reinstated. The record discloses that the original petition to condemn the land described was filed December 1, 1923, during the November term of the county court. This petition prays that commissioners be appointed to appraise the land and assess the damages, but the record fails to show any were appointed. On December 20, 1923, the cause was dismissed by the judge of said court. On March 15, 1924, at a subsequent term of said county court, the city of Waco filed a motion to reinstate said cause. On April 19, 1924, during the March term, said cause was reinstated. No notice was given to plaintiff of the filing of said motion to reinstate, nor of the hearing on said motion. On April 29, 1924, plaintiff was served with notice that said cause had been reinstated, and would be heard during the May term of said court, which began May 5, 1924. On May 17, 1924, a judgment by default was rendered on the report of appraisers, purporting to have been returned and filed December 8, 1923.

[4-6] This proceeding is governed by the provisions of our statutes. Revised Statutes, arts. 6506 to 6530, inclusive. The proceeding

to condemn land for public use is special in its character, and its validity must depend upon a compliance with the law authorizing it. Nothing is to be presumed in favor of the power of such a special tribunal, and it is incumbent upon one seeking 'to show right under its decree to show that the court had jurisdiction to render it. Adams v. San Angelo Water Co. (Tex. Civ. App.) 25 S. W. 165, and cases there cited. The judgment rendered in this case is void, because the court had no authority to set aside the order of dismissal and reinstate said proceeding at a subsequent term of the county court, and his act in assuming to do so was a nullity. Eddleman v. McGlathery, 74 Tex. 280, 11 S. W. 1100; Overton v. Blum, 50 Tex. 417; Hester v. Baskin (Tex. Civ. App.) 184 S. W. 726; Rogers v. Dickson (Tex. Civ. App.) 176 S. W. 865; Knight v. Waggoner (Tex. Civ. App.) 214 S. W. 691; 23 Cyc. 902.

[7] The judgment is void because there is no description of the land condemned in either the report of the commissioners or in the judgment. Condemnation proceedings, as they involve a summary taking of property from its owner, must always be conducted in strict accordance with the statutes authorizing such proceedings. Adams et al. v. San Angelo Water Co. (Tex. Civ. App.) 25 S. W. 165.

[8] The judgment is further erroneous, if not void, in that there is nothing in the record to show that the court appointed any appraisers, and, as far as the record shows, those assuming to appraise the land in question and assess the damages may have been interlopers.

[9] Furthermore, there is another fundamental error. It is not shown anywhere in the record, except by recitals in the report of the commissioners, that the plaintiff in error had notice of the time and place of the meeting of the commissioners to assess the damages. Proof of such notice, independent of the recitals in the report of the commissioners, was necessary to confer jurisdiction upon the county court to enter a condemnation decree, and this cannot be presumed from declarations contained in the report of the commissioners, nor from recitals in the decree in condemnation, but must be proved. Adams v. San Angelo Water Co. (Tex. Civ. App.) 25 S. W. 165, and cases there cited. This is the general rule as to proceedings of special tribunals. Mitchell v. Runkle, 25 Tex. Supp. 137; Davidson v. State, 16 Tex. App. 341; Freeman on Judgments, 123.

Our statute requires the commissioners shall issue notice in writing to the party whose property is sought to be condemned, notifying him of the time and place selected for the hearing. Revised Statutes, art. 6511. The manner and time of service are also prescribed, and when the owner is unknown this service may be made by publication. Articles 6512, 6513, 6514, and 6515, Revised Statutes. The person making such service shall return the original notice to said commissioners, or any one of them, on or before the day set for the hearing, with his return in writing thereon, stating how and when the same was served. Article 6513. Until these provisions of the statute are complied with, the commissioners have no authority to assess damages or to make a report, and the court has no jurisdiction to declare the condemnation.

[10] The commissioners are required to return with their report all other papers connected with the case (article 6522), but the statute does not authorize them to state their conclusions as to the sufficiency of notice given by them to the landowner. This should be shown by the original notice and the return on same, showing proper service, as in the case of citations, or a proper waiver, duly signed by the landowner. This is the only notice or citation required or authorized in condemnation proceedings, and the record, failing to show service or waiver of such notice, failed to show any authority in the court to render the condemnation decree herein rendered.

We sustain the assignments of plaintiff in error, and reverse the judgment of the trial court, and dismiss this proceeding.

BARCUS, J., took no part in the decision of this case.