## CITY OF HOUSTON V.
## MELVA R. KUNZE ET AL

No. A-4263. Decided December 2, 1953.
Rehearing overruled January 13, 1954.
(262 S.W. 2d Series 947)

*Will Sears,* City Attorney, and *Richard H. Burks,* Assistant City Attorney, of Houston, for petitioner.

The County Court at Law having acquired complete and general jurisdiction over the land and the parties to this condemnation suit to determine the right to condemn and the amount of the award, the suit by respondent in the district court, in trespass to try title, is a collateral attack upon and an invasion of the jurisdiction of the County Court at Law while the condemnation suit is pending, and the Court of Civil Appeals erred in not so holding.

Davidson v. Texas & N. O. R. Co., 67 S.W. 1093, no writ history; Houston North Shore Ry. Co. v. Tyrrell, 128 Texas 248, 98 S.W. 2d 786; Allen v. Brazos River Con. & Rec. Dist., 166 S.W. 2d 386.

*Ernest A. Knipp,* of Houston, for respondent.

MR. JUSTICE SMITH delivered the opinion of the Court.

Petitioner, City of Houston, filed proceedings in the County Court at Law of Harris County, Texas, against respondent, E. Huber, and others, to acquire an easement over and across certain land situated in the city of Houston.

On May 19, 1949, the judge of the County Court at Law appointed three Special Commissioners "to assess the damages in accordance with law." On July 5, 1949, the Special Commissioners issued "Notice of Hearing" to be held on July 14, 1949, and the person serving the notice made his return reciting that he had delivered "a true copy" of the notice to "E. Huber, his attorney Ernest Knipp" on July 8, 1949. The award of the Commissioners contains recitations that notice was served upon the parties in person and through their agents and attorneys, and that the notice was served at least five days before the day of service, and that "E. Huber appeared through his attorney, Ernest A. Knipp." The award further recites that, "We, the undersigned Commissioners have assessed the damages, * * * and decide, and order that the total amount due to the defendants is $32,588.80 * * * and the Commissioners being unable to determine as among the various defendants the ownership of said property and improvements and their respective interests therein, * * * therefore unable to apportion said damages among the defendants, * * * we * * * hereby award to * * * and E. Huber, the total amount of said damages, * * * as their respective interests may appear." This award was dated August 9, 1949, and on August 15, 1949, the City of Houston tendered to the defendants and deposited in the registry of the Court the sum awarded "for the benefit of said defendants, and in order to enable the plaintiff to take possession of the parcel of land described in plaintiff's statement in condemnation." The defendants in this proceeding, except E. Huber and two others, filed objections to the award, and the cause is now pending.

On September 30, 1949, E. Huber filed a suit in trespass to try title against the City of Houston and others, styled E. Huber v. Melva Kunze, et al, in the District Court of Harris County. On September 18, 1952, petitioner filed in this last mentioned cause a motion for summary judgment, wherein it alleged, in part, that the suit was "a collateral attack upon the condemnation proceedings now pending in the County Court at Law of Harris County, Texas."

On October 3, 1952, respondent, E. Huber, filed a sworn answer to the motion for summary judgment alleging that he was residing in the State of Columbia, in South America, and

that he was not served with notice and did not participate in the hearing before the Special Commissioners; that "at the time that the condemnation proceeding was instituted, E. A. Knipp was not the attorney for E. Huber and had not been in communication with Huber for many months." The affidavit of E. Knipp, attorney for Huber in the District Court suit, says that a letter dated March 10, 1949, addressed to E. Huber and others in regard to the property was sent to him by a member of Huber's family, and that "after receipt of the * * * letter he directly and personally informed Will Sears, City Attorney, and W. Lawrence Cook, the then Assistant City Attorney in charge of the case, that he had at one time represented Huber * * *, but that he had not had any communication from Mr. Huber regarding this matter, that he was not the agent or attorney for Huber, and that he had no authority whatsoever to accept service of notice or to act in any capacity for Huber at the time that the condemnation hearing was held. Statements to that effect have been several times communicated by the affiant to Mr. Will Sears or Mr. W. Lawrence Cook." The hearing on the motion for summary judgment began on October 6, 1952, and on October 20, 1952, the trial court overruled the motion.

On November 20, 1952, petitioner filed in the original condemnation proceedings in the County Court at Law its petition for temporary injunction, seeking to enjoin respondent, E. Huber, from prosecuting and maintaining the suit in the District Court of Harris County, alleging, in substance, that by virtue of the condemnation proceeding hereinabove outlined, the City had lawful possession of the property involved. It further alleged that it had *substantially* compiled with the eminent domain statutes of the State of Texas, and that the award of the Commissioners *"recited that due notice had been served on all parties defendant in said condemnation suit, and that the defendant, E. Huber, had appeared by his attorney, Ernest Knipp";* (emphasis added) that the County Court at Law has exclusive jurisdiction to hear and determine all issues between the parties, and that the suit in the District Court constitutes a collateral attack on its jurisdiction. Petitioner prayed that notice issue to the respondent commanding him to appear and show cause why he should not be temporarily enjoined from maintaining and prosecuting the trespass to try title suit.

Respondent filed his sworn answer denying that he had in any manner directly or indirectly interfered with any action of the City in prosecuting the condemnation proceeding; that the allegations in petitioner's motion for temporary injunction to the

effect that he had been served with notice in the condemnation suit were false; that he had not waived notice, and had not authorized any one to waive notice or answer for him. Respondent further pleads as in his answer to the motion of the City for summary judgment, the facts in connection with the action of the attorney, Ernest Knipp; that because of the complete lack of notice the County Court at Law has not at any time acquired jurisdiction of his person or property in the condemnation proceeding. The answer further alleged that the land described in the suit in the District Court was not the same as that described in the condemnation statement.

The petitioner failed to introduce evidence at the hearing on the application for temporary injunction. The respondent introduced in evidence the filing date of his original petition in the District Court; the citations to the several defendants in that suit; the answers and cross-actions of some of the defendants; the first and second amended original petitions filed by respondent; notice that certain listed instruments would be introduced in evidence upon the trial of the trespass to try title suit; the answer of the defendant, City of Houston; the motion for summary judgment and the affidavit filed in connection therewith by the City; a copy of original petition and the award of the Commissioners in the condemnation suit; the objections to the award of the Commissioners filed by defendants other than E. Huber; the written instrument tendering the amount of the award and showing payment into the registry of the Court; the answer of respondent, E. Huber, to the motion for summary judgment together with affidavits showing lack of notice, being the same evidence heard on the motion for summary judgment in the District Court. Respondent also introduced a plea in abatement filed by the City in the District Court suit. The plea presents the same issues as the motion for summary judgment, and so far as this record shows, it is now pending in the District Court.

On December 5, 1952, the trial court without the aid of a jury entered its judgment denying the petition for injunction stating in its order that it "finds that the applicant shows no grounds for the issuance of a temporary injunction; and said *application is accordingly in all things denied.*" This judgment has been affirmed by the Court of Civil Appeals. 258 S.W. 2d 226.

Petitioner's first point of error asserts that the County Court at Law acquired complete and general jurisdiction over the land and the parties to determine the right to condemn and the amount of the award in the condemnation suit, and that the

suit by the respondent in the District Court is a collateral attack upon and an invasion of the jurisdiction of the County Court at Law while the condemnation suit is pending. The only question for us to determine is: Did the trial court abuse its discretion and did it commit error in denying the injunction? We hold that it did not and that the judgments of the trial court and the Court of Civil Appeals should be affirmed.

█ The City of Houston is entitled, under the Statutes of the State of Texas, to exercise the power of eminent domain. The proceedings are special in character and there must be a showing of strict compliance with the law authorizing the taking of property of an owner for public use. Article 3264, Sections 5 to 10, inclusive, Vernon's Annotated Civil Statutes, provides for the service of notice and the manner in which notice should be served. Notice to the owner of land sought to be condemned cannot be presumed from declarations or conclusions stated in any of the proceedings, but must be proved. Parker v. Fort Worth & Denver City Ry. Co., 84 Texas 333, 19 S.W. 518. The petitioner relies on the recitations contained in the decree of condemnation and other orders for proof that notice was duly and legally served on the respondent. This proof is insufficient. The statute, supra, provides that the notice required "may be served by any person competent to testify, by delivering a copy of such notice to the party, his agent or attorney." The petitioner failed to discharge its burden of showing a compliance with the statute. It made no proof on the hearing of its motion for temporary injunction that the attorney, Ernest Knipp, was the agent or attorney for E. Huber, whereas, the proof introduced by the respondent conclusively demonstrates that the attorney was not his agent or attorney and had no authority to answer for him in the condemnation suit.

█ The mere filing of the statement in condemnation does not determine jurisdiction. Notice to the landowner is necessary. He has a right to appear before the Commissioners and until notice has been duly and properly served in accordance with the statute, the court is without jurisdiction, and the Special Commissioners have no authority to assess damages or perform any act which would declare a condemnation of his property. Parker v. Fort Worth & Denver City Ry. Co., supra. Since there was no proof that respondent was properly served with notice in the condemnation suit, we hold that jurisdiction was not acquired by the County Court at Law over the person and property of the respondent, and, therefore, it was not error for the trial court to deny the injunction. The opinion we have expressed renders

it unnecessary to discuss the other point presented in the petition for writ of error.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered December 2, 1953.

MR. JUSTICE WILSON dissenting.

I respectfully dissent. Here there is no issue of title between the respondent Huber and the city for the city admits title in Huber. There are other defendants in the condemnation suit with whom Huber may make an issue of title, but they are not parties to the district cturt proceeding. There can be no issue of possession. The only possible issue is value.

Huber claims that he was not served with notice. The county court has general jurisdiction of a condemnation proceeding and is equipped to determine any question about service. What is there to be gained by allowing this one procedural aspect of a controversy over value to be determined in a separate court? It cannot but contribute to the "law's delay" and will unnecessarily complicate condemnation proceedings. The public interest in the completion of public improvements within a reasonable time requires a simple, effective, and expeditious condemnation procedure. It should not be hampered by allowing an issue of service to be determined in a parallel title suit in the district court while the condemnation suit is pending untried in the county court. This situation should be governed by Cleveland v. Ward, 116 Texas 1, 285 S.W. 1063. We should hold that when the county court acquired jurisdiction of the subject matter it had the duty to determine every question in that condemnation case including those involving service. A trial is complicated enough without splitting it between two courts. The injunction should issue for the purpose of keeping this condemnation suit intact.

Opinion delivered December 2, 1953.

Rehearing overruled January 13, 1954.