**ESTATE of S. R. CRIM, Deceased, Appellant,**

v.

**The STATE of Texas et al., Appellees.**

**No. 7273.**

Court of Civil Appeals of Texas.

Amarillo.

June 10, 1963.

Storey, Sheridan & Hightower, Vernon, for appellant.

R. D. Oswalt, Vernon, for appellees.

CHAPMAN, Justice.

Condemnation efforts by Wilbarger County and the State of Texas under the power of eminent domain constitutes the subject matter of this suit.

The first instrument filed by the condemning authorities to take the property in Wilbarger County for state highway purposes described the owner of such lands as "Boyd Barjenbruch, Independent Executor of Will of Estate of S. R. Crim, Deceased, who resides in Montague County, Texas." There is not any other instrument alleging any other owner. The suit was styled "State of Texas et al vs. Estate of S. R. Crim, Dec'd." None of the notices, services, or proceedings named anyone as owner of the property sought to be condemned other than as stated. There are strong inferences in the record to the effect that there were other beneficiaries under the will of S. R. Crim, deceased, but there is not any probative evidence as to whom they were. Therefore, we shall not discuss the point raised by appellant on the question of lack of necessary parties.

Appeal was made from the orders of the Special Commissioners and trial was had to a jury in the county court with no stipulations or agreements concerning the right of condemnors to take the property, or the regularity of the proceedings thereof. Judgment was rendered for the State and County based upon a jury verdict.

The exercise of the power of eminent domain is special in character and there must be a showing of strict compliance with the law authorizing the taking of property of an owner for public use. City of Houston v. Kunze, 153 Tex. 42, 262 S.W.2d 947.

It has been held that in order to show jurisdiction of the court to try a condemnation case the proceedings required in Article 3264 et seq. Vernon's Ann.Civ.St. such as the resolution of the governing body, the order of the county court in appointing commissioners, their oath, the notice of the time and place of hearing to assess damages, etc., should be introduced into evidence. Vey v. City of Fort Worth, Tex.Civ.App., 81 S.W.2d 228 (writ dismissed); Parks v. City of Waco, Tex.Civ.App., 274 S.W. 1006 (writ dismissed). Those requirements were not complied with and proper questions were raised for such failure.

There are other serious questions raised but we do not consider a discussion of them is necessary to a proper disposition of the case, since they likely will not occur upon another trial. However, we do note in passing that the only right the judgment appears to award is costs against the defendant below. Accordingly, the judgment of the trial court is reversed and remanded for a new trial.