Tom ROTELLO et al., Appellants,

v.

**BRAZOS COUNTY WATER CONTROL & IMPROVEMENT DISTRICT NO. 1, Appellee.**

No. 17202.

Court of Civil Appeals of Texas, Houston (1st. Dist.).

Nov. 2, 1978.

See also, Tex.Civ.App., 572 S.W.2d 120.

Sears & Burns, Robert L. Burns, C. Charles Dippel, Houston, for appellants.

Karl C. Hoppess and Warren G. King, Houston, for appellee.

COLEMAN, Chief Justice.

This is an appeal from an order denying an application for a temporary injunction. The appellants, hereinafter referred to as the Rotellos, sought an order enjoining appellee, hereinafter referred to as the Water District, from proceeding under the authority of Article 3268, R.S.1925, to enter upon and take possession of certain land owned by the Rotellos and from excavating and clearing trees and vegetation or making any other use of said land pending final judgment in the condemnation suit.

In November, 1977, the Water District filed a petition for condemnation complaining of Tom Rotello and wife, Lela, and a lienholder, Federal Land Bank of Houston, in the County Court at Law of Brazos County, Texas. On the second day of December, 1977, the Judge of the County Court at Law of Brazos County appointed Special Commissioners. The Special Commissioners signed an order setting a hearing in the condemnation proceedings in the County Courtroom of the County Court House, Bryan, Brazos County, Texas, on January 4, 1978.

On December 8, 1977, the Commissioners signed an instrument entitled "Notice of Hearing For Condemnation". This instrument was not directed to any specific person. It began "you are hereby notified that on the 4th day of January, 1978, at 10:00 a. m., in the County Commissioners Courtroom in the Civil Courthouse at Bryan, Brazos County, Texas, before the undersigned Special Commissioners _ _ _ a hearing will be held to assess the damages occasioned by reason of the condemnation by Brazos County Water Control and Improvement District No. One of a right of way and easement in, over, across, on and through that certain tract or parcel of land _ _ which land is more fully described in the Petition for Condemnation filed _ _ _ on the 29th day of November, 1977, _ _". _ _

On the date set out in the notice the Commissioners conducted a hearing in the County Commissioners Courtroom at the Brazos County Courthouse. Neither of the Rotellos nor their attorney appeared at the hearing. The Commissioners made an award of damages to the Rotellos and timely objections to the award were filed with the Judge of the County Court at Law of Brazos County. Thereafter an application for a Temporary Injunction was filed in the cause by the Rotellos.

At the hearing on the injunction the Deputy County Clerk of Brazos County was called as a witness. She identified the notice signed by the Commissioners and testified that it was the only notice in her file and that no return was endorsed thereon. She identified citations issued for service on Tom Rotello, Lela Rotello, Robert Burns, and Federal Land Bank. She testified that these were the only citations found in the file. The citation directed to Mr. Burns commanded him to "appear before the Honorable County Court at Law of Brazos County, Texas, at the Court House of said county in Bryan, Texas, in accordance with the notice and Order Setting Date of Hearing filed in said court on the 28th day of November A.D.1977, numbered 234–A on the docket of said court, and styled, Brazos County Water Control and Improvement District No. 1, Plaintiff v. Tom Rotello, et ux, et al, Defendant.

"The nature of Plaintiff's demand is set out and shown by a true and correct copy of

Plaintiff's Petition accompanying this citation, and made a part thereof. ___".

The citation reflects that it was issued by the clerk of the County Court of Brazos County, Texas. The printed "Sheriff's Return" on the back of the citation reflects that it was served by delivering to "the within named defendants" Robert L. Burns a copy of the citation with a copy of the petition attached thereto and was signed by J. M. West, Deputy.

The return on the citation issued to Tom Rotello reflects that it was executed by delivery to Mrs. Tom Rotello.

Mr. Burns testified that he received the citation as indicated on the return and that the citation had attached a copy of the original petition and a copy of the notice of setting.

The Rotellos complained that the trial court erred in refusing the temporary injunction because the condemnation proceeding was void and vested no right in the Water District and no jurisdiction in the court.

Article 3264, Tex.Rev.Civ.Stat.Ann., prescribes the procedure by which notice of the Commissioners hearing on damages is to be given the owners of land in a condemnation procedure by a water improvement district. The statute provides:

5. Notice in writing shall be issued by the Commissioners to each of the parties interested, notifying them of the time and place selected for the hearing.

6. The notices shall be served upon the parties ___, and may be served by any person competent to testify, by delivering a copy of such notice to the party, his agent or attorney.

.        .        .        .        .

9. The person serving notice shall return the original to the Commissioners on or before the day set for the hearing, with his return in writing thereon, stating how and when it was served.

10. When service of notice has been perfected, the Commissioners shall at the time and place appointed or at any other time and place to which the hearing may be adjourned, proceed to hear the parties."

The record in this case reflects that while a form of a notice in writing was signed by the Commissioners, there was no notice issued by the Commissioners to the parties interested unless it can be said that the citations issued by the County Clerk complied with this requirement.

While the originals of the citations were returned to the County Clerk with a return in writing thereon, no return in writing was endorsed on the notice which was executed by the Commissioners.

■ The Water District contends that Mr. Burns was the attorney for the Rotellos and that citation was properly served on him as authorized by paragraph 6 of Article 3264, supra. The evidence establishes that Mr. Rotello was not served in person with the citation or any other form of notice prior to the hearing. The delivery of a citation to Mrs. Rotello did not constitute service on her husband. *Wilson v. Newton County*, 269 S.W. 227 (Tex.Civ.App.—Beaumont 1925, no writ hist.).

There is evidence that Mr. Burns has represented Mr. Rotello in previous condemnation suits involving the same property which were subsequently dismissed. Mr. Burns represents him in litigation in the Federal Courts. Mr. Rotello authorized Mr. Burns prior to the filing of the condemnation statement to negotiate with the Water District for the sale of an easement across the property in question. Mr. Rotello testified that he did not authorize Mr. Burns to accept service of process on his behalf. Mr. Burns testified that the time the citation was delivered to him he was not authorized to accept service and that he was not employed by Mr. Rotello to represent him in any contemplated condemnation matters. Mr. Burns stated that he did not "generally represent" Mr. Rotello. Additionally, Mr. Rotello testified that from the time Mr. Burns began representing him in a case involving the National Environmental Policy Act in 1973 to the present time Mr.

Burns has been his attorney and that he was the only attorney he had ever had.

■ Article 3264, supra, requires that a notice in writing be issued by the Commissioners to each of the "parties interested" and that this notice be served by delivering a copy of such notice to the party, his agent or attorney. We construe the act to authorize service on an agent or attorney who has actual authority to represent the principal in the condemnation proceeding or one who is held out by the party as having such authority. A fact issue as to his authority to represent the Rotellos in this matter is raised by the evidence.

The Rotellos rely on the *City of Houston v. Kunze,* 153 Tex. 42, 262 S.W.2d 947 (1953), as authority for the proposition that service on Mr. Burns could not be proper notice to Mr. Rotello. This case is distinguishable on its facts. In the *City of Houston v. Kunze* case the court pointed out that the condemning authority made no proof on the hearing of its motion for temporary injunction that the attorney was the agent or attorney for the condemnee.

■ The citation served on Mr. Burns does not constitute notice to Mr. Rotello on the Commissioners hearing for other reasons. It is well settled that the proceedings in eminent domain are special in character and that there must be a showing of strict compliance with the law authorizing the taking of property of an owner for public use. At the temporary injunction hearing the burden was on the condemnees to show that notice in proper form was not served on them. Until such a notice has been duly and properly served in accordance with the statute, the court is without jurisdiction. *City of Houston v. Kunze,* supra; *Brinton v. Houston Light & Power Co.,* 175 S.W.2d 707 (Tex.Civ.App.—Galveston 1943, writ ref. w. o. m.). *Walling v. State,* 394 S.W.2d 38 (Tex.Civ.App.—Waco 1965, writ ref. n. r. e.).

Mr. Burns testified: "_ _ I received a citation in August." He also testified that the citation contained a copy of the "notice of setting that's on file here, the original."

The citation which was returned to the County Clerk was introduced into evidence. No copy of the order setting the date of hearing was attached to the citation which was returned. The Commissioners' hearing is not a judicial proceeding and the service of a notice of such a hearing is not within the duty of the sheriff or the constable. The act authorizes service by any person competent to testify. The presumption that the sheriff or constable acted in a regular and lawful manner does not arise. McCormick & Ray, Texas Law of Evidence (2nd Edition) Volume 1, Section 94.

While the notice in writing issued by the Commissioners set out the time and place selected for the hearing, it did not name the parties to whom it was issued. The act contemplates that an original notice shall be issued to each party interested in the land to be condemned. It requires that the original of the notice shall be returned to the Commissioners on or before the date set for hearing with the person serving the notice making a return in writing on the original notice. This was not done.

Mr. Burns did not testify that a person competent to testify delivered a copy of the notice of hearing to him.

No particular form of notice is required. The citation cannot be considered part of a notice since it was issued by the Deputy County Clerk rather than by the Commissioners. It commanded Mr. Burns to appear before the Honorable County Court at Law of Brazos County "in accordance with the notice and Order Setting Date of Hearing" filed in said court on the 28th day of November 1977. The record reflects that the notice of hearing signed by the Commissioners was filed in the County Court on December 8, 1977. The return endorsed on the citation reflects that a copy of the citation "with a true and correct copy of the petition attached thereto" was delivered to Mr. Burns. There is no certification that a copy of the Notice of Hearing was attached to the citation. The language of the citation injects an element of confusion as to where and before whom the hearing will be held.

While we presume in support of the trial court's order that he found Mr. Burns to be the attorney of Mr. Rotello for the purpose of receiving service and that there is evidence to support such a finding, we hold that the evidence establishes that a notice of the time and place of the hearing was not properly issued to the landowners. Each landowner is required by the statute to be served with a notice of the hearing. The citation served on Mr. Burns was directed to him as a defendant. The record does not reflect that he was served with a notice as the attorney for any particular landowner. While an attorney might be served with notices for each of his clients, separate notices are required by the terms of Article 3264, supra. Actual knowledge of the time and place of the hearing does not eliminate the necessity for personal service. *Clayton v. Newton*, 524 S.W.2d 368 (Tex.Civ.App.—Ft. Worth 1975, no writ); *City of Dallas v. Crawford*, 222 S.W. 305 (Tex.Civ.App.—Amarillo 1920, writ dism'd.).

The protection which the law has erected for the benefit of the citizens as against the exercise of the power of condemnation is liberally construed. Condemnation proceedings must be conducted in strict accordance with the statute authorizing the procedure. *City of Houston v. Derby*, 215 S.W.2d 690 (Tex.Civ.App.—Galveston 1948, writ ref'd); *Parks v. City of Waco*, 274 S.W. 1006 (Tex.Civ.App.—Waco 1925, no writ).

Rule 108, T.R.C.P., providing the form of notice to be given to a defendant who is a non-resident of the State or is absent from the State and the method of service of such notice provide that the notice "may be served by any disinterested person competent to make oath of the fact" and that a return of service in such cases shall be endorsed on or attached to the original notice and be signed and sworn to by the party making such service. The return on a notice served pursuant to Rule 108, supra, was held fatally defective and insufficient to support a default judgment where the person serving the citation failed to swear in his return that he was a disinterested person competent to make oath of the fact. *Scucchi v. Woodruff*, 503 S.W.2d 356 (Tex. Civ.App.—Fort Worth 1973, no writ).

If a state statute or rule of court prescribes the method by which notice must be given in a particular instance, and it prescribes the form of the notice that must be given in such instance, then the rule prescribed by the statute or rule for giving notice must be followed with reasonable strictness. *Clayton v. Newton*, 524 S.W.2d 368 (Tex.Civ.App.—Fort Worth 1975, no writ); *Jacksboro National Bank v. Signal Oil & Gas Co.*, 482 S.W.2d 339 (Tex.Civ.App. —Tyler 1972, no writ); *Diamond Chemical Co. v. Sonoco Products Co.*, 437 S.W.2d 307 (Tex.Civ.App.—Corpus Christi 1968, no writ).

The record before this court established that Tom Rotello was not served with a proper notice of the Commissioners hearing. The Commissioners are not authorized to meet and assess damages before such notice is properly served. Service of notice is a jurisdictional matter. *City of Houston v. Kunze*, supra.

Where the condemnation proceedings which are pending in the County Court are void for want of power or jurisdiction, such void proceedings may be enjoined. *Lone Star Gas Co. v. City of Ft. Worth*, 128 Tex. 392, 98 S.W.2d 799 (1936); *Haverbekken v. Hale*, 109 Tex. 106, 204 S.W. 1162 (1918).

The order is reversed and the cause is remanded to the trial court with directions to enter an order enjoining the Water District from entering upon or taking possession of the land in question owned by the Rotellos and from making any use of said land pending the entry of a final judgment in this cause.