**Max A. FARISS et ux., Appellants,**

v.

**PGP GAS PRODUCTS, INC., Appellee.**

**No. 13168.**

*Court of Civil Appeals of Texas, Austin.*

Oct. 15, 1980.

Rehearing Denied Nov. 12, 1980.

---

C. W. Pearcy, Austin, for appellants.

Marcus L. Thompson, Edith H. Jones, Michael A. McLaughlin, Andrews, Kurth, Campbell & Jones, Houston, for appellees.

SHANNON, Justice.

Appellee, PGP Gas Products, Inc., initiated condemnation proceedings to acquire a right-of-way easement across acreage situated in Lee County and owned by appellants, Max A. Fariss and Lanette Fariss, husband and wife. The condemnation was for the purpose of acquiring an easement for the construction, operation, and maintenance of a pipeline for the gathering and transmission of natural gas. The commissioners awarded appellants $6,000.00.

Appellants appealed the commissioners' award to the district court of Lee County. After trial to a jury, the district court entered judgment providing that appellee recover from appellants title to the easement and awarding appellants $4,703.00 of the commissioners' award that appellants had not drawn down. This Court will reverse that judgment.

Appellants attack the judgment by many points of error. Appellants' point four complains, in effect, that there is no evidence that the commissioners took the oath specifically required by Texas Rev.Civ.Stat.Ann. art. 3264.

■ Proceedings in eminent domain are special in character and there must be a showing by the condemnor of strict compliance with the statutes authorizing the taking of another's property for public use. *City of Houston v. Kunze*, 262 S.W.2d 947 (Tex.1954). The Supreme Court has consistently held that nothing is to be presumed in favor of the power of the commissioners to enter their award. *Parker v. Fort Worth & D. C. Ry.*, 84 Tex. 333, 19 S.W. 518 (1892); *City of Houston v. Kunze, supra*. Strict compliance with art. 3264 must be shown in the record. *City of Houston v. Kunze, supra; Maberry v. Pedernales Electric Cooperative, Inc.*, 493 S.W.2d 268 (Tex.Civ.App.1973, writ ref'd n. r. e.); *Horton v. County of Mills*, 468 S.W.2d 876 (Tex. Civ.App.1971, no writ); *Estate of Crim v. State*, 371 S.W.2d 574 (Tex.Civ.App.1963, no writ); *Vey v. City of Fort Worth*, 81 S.W.2d 228 (Tex.Civ.App.1935, writ dism'd); *Parks v. City of Waco*, 274 S.W. 1006 (Tex.Civ. App.1925, no writ).

■ The rule of *State v. Jackson*, 388 S.W.2d 924 (Tex.1965), that by accepting the award of the commissioners the condemnee consents to the taking and may not contend that the taking was unlawful, is not applicable to appellants because they did not draw down the award deposited by appellee after the commissioners' hearing. In fact, appellants vigorously contested appellee's compliance with the procedures necessary to exercise its right to condemn.

This Court has examined the record with care to determine whether appellee proved that the commissioners were administered the oath. Prior to calling its first witness, appellee tendered *en masse* a number of exhibits. The tender and counsel's response are set out below:

"MR. MUNSON: Judge, I offer by way of stipulation, in the interest of time–and the court reporter might mark them later, but I would like to offer into evidence our original petition, our first amended and our second amended petition, and if that is agreed to, we can mark them later, or I can go through this file and mark them now, whatever–if Mr. Pearcy disagrees–the–I offer into evidence and mark as Exhibit 3 the order appointing commissioners, as Exhibit 4, the oath of the commissioners, as Exhibit 5, I guess, the order of setting the hearing, 6 is the notice of the hearing showing service on the landowner. No. 7 would be the award of the commissioners. No. 8 would be the objection filed, No. 9, the deposit of the award and No. 10, the cost bond, and No. 11, this appeal bond that we–so–called appeal bond that we filed. We would just like to offer those into evidence, and in the interest of time, mark them later unless ___

"MR. PEARCY: If they are offered, Your Honor, for the purpose of showing that there were filed, we have no objection, and that those things occurred in the records of the case because they are records of the case.

We would–we do not want to be in a position of not objecting to them for anything they might say within them. For example, the petition may have certain allegations, and we would not agree that these allegations have been proved. We would only agree that the petition has been filed and amended and those things. We have no objection to them being admitted for that purpose."

There is no "oath of commissioners," marked or unmarked, in the envelope of exhibits filed with the Statement of Facts in this Court. Examination of the statement of facts shows the court reporter's specific notation that appellee's counsel did not provide the reporter with any instruments for use as Exhibits "4, 6, and 12." Counsel for the parties agreed that the statement of facts "... and one separate envelope of original exhibits being sent up by agreement of parties and order of the Court, constituted a full, true and correct transcript in Question and Answer form of all the testimony and proceedings had, and *all documentary evidence introduced* during said proceedings." (Emphasis added).

■ It is, of course, the burden of the party tendering an exhibit into evidence to see that the exhibit is properly identified and marked. After the exhibit has been admitted into evidence, it is likewise that party's responsibility to insure that the exhibit has been delivered into the custody of the court reporter for inclusion in the appellate record. In the case at bar, the statement of facts affirmatively reflects that appellee never delivered to the court reporter any oath of the commissioners to be used as Exhibit 4. If, indeed, the commissioners were administered the oath, that fact is not reflected by this record, and this Court surely may not presume such a fact in support of the power of the commissioners to enter the award. *City of Houston v. Kunze, supra; Parker v. Fort Worth & D. C. Ry., supra.* Cases such as *McGary v. First Bancredit Corp.*, 273 S.W.2d 905 (Tex. Civ.App.1954, writ ref'd n. r. e.), are not applicable to the case at bar since the exhibit in *McGary* was copied or included in the statement of facts and therefore available for inspection by the appellate court.

In an effort to plug the gap in its proof, appellee, after submission and oral argument, filed a motion entitled "Motion to Amend Record Pursuant to Rule 428." At-

tached to the motion are copies of affidavits of the commissioners swearing that each commissioner took the oath and that each abided by such oath. Appellee's prayer in its motion asks this Court "... to direct the clerk of the 21st Judicial District Court of Lee County, Texas, to prepare and certify a Supplemental Statement of Facts containing the Affidavits attached hereto as Exhibits A, B, and C, to be filed with and made a part of the Statement of Facts before this Court on Appeal."

In connection with the prayer in appellee's motion, it should be observed that the "clerk of the 21st Judicial District Court of Lee County" has no responsibility whatsoever to prepare and certify a statement of facts, supplemental or otherwise. That responsibility lies with the court reporter.

Rule 428 empowers this Court to permit the correction of a timely filed statement of facts. It is plain, however, that Rule 428 does not authorize the inclusion of material in the statement of facts that was never offered by the party or admitted by the court during the trial of the cause. It is not the original oath of the commissioners, or a copy thereof, that appellee seeks to have brought up by supplemental statement of facts, but instead hearsay statements by the commissioners that were prepared long after the trial of the cause. The motion is overruled.

In further argument, appellee suggests that appellants have waived their right to complain of appellee's failure to prove that the oath was administered. The burden of proof was upon appellee to establish its right to take the property. Appellee recognized its responsibility in its post–submission brief: "[Appellants'] counsel claimed that the burden of proof of the oath was on [appellee], and [appellee] does not choose to disagree with such a proposition under the particular circumstances of this case." Far from waiving their right to complain, appellants by point of error four complained that there was no evidence that the oath was administered.

Finally, appellee claims that appellants' counsel stipulated that the commissioners' oath was taken. The foundation for appellee's claim of stipulation is found in the response of appellants' counsel to the *en masse* tender of several documents quoted above.

Texas R.Civ.P. 11 provides that agreements between parties or counsel are enforceable if made in open court and entered of record. Pursuant to Rule 11, to avoid delay and expense, counsel may stipulate concerning evidence material to the suit.

A reading of the above–quoted tender and response shows that appellants' counsel did not *agree* to stipulate anything. Tex.R. Civ.P. 11. Appellee's counsel tendered *en masse* a number of documents. Appellants' counsel had no objection to the tender so long as those documents were not offered for the truth of the matters contained therein. Appellee's argument urging stipulation is not meritorious.

The judgment is reversed and the cause is remanded for new trial.

Reversed and Remanded.