**PGP GAS PRODUCTS, INC., Petitioner,**

v.

**Max A. FARISS et ux., Respondents.**

**No. B–9983.**

Supreme Court of Texas.

July 22, 1981.

Rehearing Denied Sept. 23, 1981.

Andrews, Kurth, Campbell & Jones, Marcus L. Thompson, Edith H. Jones and Michael A. McLaughlin, Houston, Donald E. Barlow and Scott E. Shelton, Odessa, Houston Munson, Gonzales, Michael J. Simmang, Giddings, for petitioner.

C. W. Pearcy, Austin, for respondents.

McGEE, Justice.

This is a condemnation proceeding brought by PGP Gas Products, Inc., (PGP),

to condemn a right-of-way easement across land owned by Max and Lanette Fariss in Lee County. The easement was for the construction, operation, and maintenance of a natural gas pipeline. Special commissioners appointed to assess damages awarded $6,000. The Farisses timely objected to the commissioners' award and trial was held in the district court. Based on a jury verdict, the trial court rendered judgment that the Farisses recover $4,703 for the taking. The court of civil appeals reversed the judgment and remanded the cause to the trial court because there is no evidence in the record that the commissioners took the oath required by article 3264.[1]  606 S.W.2d 957.

The question before us is whether the Farisses waived their right to complain on appeal that there is no evidence in the record as to whether the commissioners did or did not take the oath.[2]  We hold that they did; accordingly, we reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

Condemnation is a formal proceeding which affords a landowner a single opportunity to recover damages for the taking of his property for public use. The procedure is governed by article 3264 and the condemnor must show its requirements were strictly followed. *City of Bryan v. Moehlman*, 155 Tex. 45, 282 S.W.2d 687 (1955); *City of Houston v. Kunze*, 153 Tex. 42, 262 S.W.2d 947 (1953); *Wilbarger County v. Hall*, 55 S.W.2d 797 (Tex.Comm.App.1932, judgmt adopted); *Brinton v. Houston Lighting & Power Co.*, 175 S.W.2d 707 (Tex. Civ.App.—Galveston 1943, writ ref'd).

Article 3264, among other things, requires:

"(3) The commissioners shall be sworn to assess said damages fairly and impartially and in accordance with law."

██ PGP contends the Farisses waived their right to complain of the failure to prove the oath was administered because the Farisses did not state this complaint in the trial court. Article 3266 permits a party dissatisfied with the award of the special commissioners to appeal by filing objections "setting forth the grounds of his objection, and thereupon the adverse party shall be cited and the cause shall be tried and determined *as in other civil causes in the county court.*" (Emphasis added).

██ As in other civil cases, the Texas Rules of Civil Procedure regulate the trial of condemnation cases. Thus, predicates for complaints on appeal must be preserved at the trial court level by motion, exception, objection, plea in abatement, or some other vehicle. The complaint must identify the objectionable matter or event sufficiently for the opposite party to cure any deficiency and for the trial judge to know the nature of the alleged error. Tex.R.Civ.Pro. 373.

In the trial court, the Farisses made general objections to the need for PGP to prove strict compliance with the procedures governing condemnation but did not specifically direct the trial court's attention to the commissioners' failure to take the oath or the failure to include the oath in the record. For example, Paragraph VIII of the Farisses' amended motion for new trial read:

"The Court erred in holding that the Plaintiff had proved that all necessary legal steps had been taken to prove jurisdiction and that this Court had jurisdiction to try the eminent domain question in this case; . . ."

These objections were too general to apprise the trial court of the complaint. The effect of these objections was to conceal the objectionable matter with uncertain and overbroad language. *See Gulf Coast State Bank v. Emenhiser*, 562 S.W.2d 449 (Tex. 1978).  Accordingly, we hold the Farisses waived the complaint.

---

1. All statutory references are to Vernon's Texas Revised Civil Statutes Annotated.

2. The record shows that a number of exhibits were offered en masse by the attorney for PGP, including the oath of the commissioners, as Exhibit 4. However, no such exhibit is in the record.

The Farisses argue the procedures in article 3264 are jurisdictional and cannot be waived. We disagree. Procedural irregularities in proceedings before the special commissioners can only be challenged on direct appeal, *Harris County v. Gordon*, 616 S.W.2d 167 (Tex.1981), and are waived if not properly preserved for appellate review. *Fort Worth and D.N. Ry. Co. v. Johnson*, 125 Tex. 634, 84 S.W.2d 232 (1935); *Gulf, C.&S.F. Ry. Co. v. Fort Worth and R.G. Ry. Co.*, 86 Tex. 537, 26 S.W. 54 (1894); *Wilbarger County v. Hall, supra; City of Houston v. Stovall*, 249 S.W.2d 246 (Tex.Civ.App.— Galveston 1952, writ ref'd n. r. e.); *Southern Kansas Ry. Co. of Texas v. Vance*, 155 S.W. 696 (Tex.Civ.App.—Amarillo 1913, writ ref'd).

We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.