Robert Lee HAILEY, et al.; Robert L. Hailey, et ux. et al.; Marion J. Okonski, et ux., Appellants,

v.

TEXAS–NEW MEXICO POWER COMPANY, Appellee.

No. 10–88–105–CV.

Court of Appeals of Texas, Waco.

Aug. 4, 1988.

Rehearing Denied Sept. 1, 1988.

Bryan F. Russ, Jr., Palmos, Russ, McCullough & Russ, Hearne, for appellants.

A.W. Davis & Vaughan E. Waters, Davis & Davis, Bryan, for appellee.

## OPINION

McDONALD, Chief Justice.

Appellants Lester Hailey, Robert Hailey, Laura Hailey, Marion Okonski and Pauline Okonski appeal from the granting of a temporary injunction in favor of appellee Texas–New Mexico Power Company (TNP).

TNP is building a generating plant near Hammond, Texas. The plant will require the construction of electric transmission lines and towers. TNP has determined through aerial surveys that the most appropriate route for the lines will cross appellants' properties in Robertson County.

Prior to filing a petition of condemnation, TNP sought permission from appellants to enter their lands to perform surveys of the land, test the soil, and examine subsurface materials. Appellants refused TNP permission to enter upon their lands. TNP then filed suit requesting a declaratory judgment and injunctive relief to enjoin appellants from interfering with TNP's proposed entry and survey of the land, including soil testing, soil boring and subsurface examination of appellants' properties. Appellants answered seeking to enjoin TNP from entering upon their respective tracts.

The trial court granted a temporary injunction allowing TNP to enter upon appellants' lands to conduct surveys, soil borings, soil testing and subsurface examination; and enjoined appellants from interfering with TNP's crews and equipment.

Appellants appeal on 5 points. Appellee asserts two cross-points.

Appellants' point 1 asserts the trial court abused its discretion and erred in granting the temporary injunction, prior to condemnation, allowing TNP to conduct soilboring, soil testing and subsurface investigation because they constitute a "taking" of private property. Point 2 asserts there is no express or implied statutory authority allowing electric companies to perform such tests. Point 3 asserts TNP is limited to the performance of a lineal survey.

This suit for temporary injunction is not a condemnation proceeding, although it is intimately connected to a contemplated con-

demnation proceeding. And the rule is that in condemnation proceedings the requirements of the statutes are to be strictly followed and such rule is for the benefit of the landowner. *Matador Pipelines, Inc. v. Watson,* CCA (Waco) NRE, 626 S.W.2d 139; *Walling v. State,* CCA (Waco) NRE, 394 S.W.2d 38; *City of Bryan v. Moehlman,* S.Ct., 155 Tex. 45, 282 S.W.2d 687; *Robison v. Whaley Farm Corp.,* S.Ct., 120 Tex. 633, 37 S.W.2d 714; *City of Houston v. Kunze,* S.Ct., 153 Tex. 42, 262 S.W.2d 947; *Crims Estate v. State,* CCA (Amarillo) NWH, 371 S.W.2d 574.

■ TNP is an electric power company whose authority for condemnation arises from Articles 1435 and 1436 of the Revised Civil Statutes. Article 1436 provides that "Such corporation shall have the right and power to enter upon, condemn and appropriate the lands, * * * of any person * * *."

In *Lewis v. Texas Power & Light Co.,* CCA (Dallas) NRE, 276 S.W.2d 950 (1955), the court held that Article 1436 gave electric companies the implied statutory authority to enter property prior to condemnation for the purpose of making a preliminary lineal survey with a view to selecting lands to be acquired. *Lewis* relied on prior cases interpreting *Article 6318* (giving railroads right of condemnation) to give the condemning authority (the railroad) the right to make a "lineal survey" prior to condemnation.

*Puryear v. Red River Authority of Texas,* CCA (Amarillo) NRE, 383 S.W.2d 818 (1964), held that the statutes granting water control districts the authority "to go upon any lands for the purpose of making surveys" included the right for the water districts to conduct core drilling operations. *Puryear* reasoned that allowing a water district to enter and survey the land without core drilling to determine the feasibility of locating a dam on the property would be contrary to the legislative intent.

*Hicks v. Texas Municipal Power Agency,* CCA (Houston 1st) NRE, 548 S.W.2d 949 (1977), involved *Article 6318* (relied on by *Lewis* to permit a power company to make a lineal survey prior to condemnation

under *Article 1436* ). The court recognized the implied authority to conduct a preliminary lineal survey prior to condemnation (citing *Lewis* ), but refused to extend this right to include core drilling under *Article 6318*.

While Article 1436 has been expanded and interpreted in *Lewis* to allow a preliminary lineal survey prior to actual condemnation, we refuse to further erode the strict construction of our eminent domain statutes to permit core drilling or soil boring as incidental to a lineal survey. We reverse the order of the trial court insofar as it permits TNP to conduct core drilling, soil boring and subsurface soil testing on the land of appellants.

Appellants' points 1 through 3 are sustained.

Under our disposition, point 4 is not reached and point 5 involving a bond is now moot.

Appellee asserts in cross-point 1 that this court should dismiss this appeal for lack of jurisdiction.

■ TNP asserts the trial court's order granting injunctive relief is not a temporary injunction appealable under Section 51.014 of the Civil Practice and Remedies Code because no further action was required of the trial court. In this case the granting of a temporary injunction was plead for and granted and such action is appealable. *Lewis v. Texas Power & Light Co.,* CCA (Dallas) NRE, 276 S.W.2d 950, 955.

Cross-point 1 is overruled.

Cross-point 2 asserts the trial court erred in entering an order staying TNP from entering appellants' properties pending appellate review.

■ After issuing the order enjoining appellants from interfering with TNP's crews and equipment, the trial court entered an order staying TNP from entering appellants' properties pending appeal to this court. Under the facts the trial court's action was proper.

Cross-point 2 is overruled.

The sustaining of points 1, 2 and 3, and reversal of the trial court's order insofar as it permits TNP to conduct subsurface soil testing, core drilling and soil boring on appellants' lands, requires that the trial court's order and temporary injunction be modified to delete the words, *"immediate subsurface soil testing and soil boring"* and *"soil boring activity"* therefrom.

As modified the order is affirmed.

Costs of appeal are taxed against appellee.

MODIFIED & AFFIRMED.

THOMAS, J., not participating.