NUMBER
13-04-003-CV

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF TEXAS

                         CORPUS
 CHRISTI B EDINBURG

 

RICHARD AND DEBORA
RALSTON,                                            Appellants,

                                                             v.

LIZA PRATT,                                                                                      Appellee.

 

 

                      On appeal from the 94th District
Court

                                        of
Nueces County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Hinojosa and Rodriguez

 

      Opinion by Chief
Justice Valdez

 

 

 








This is an appeal of a trial court=s dismissal of a case for want of prosecution.  In the sole issue presented, appellants,
Richard and Debora Ralston, assert that the trial court=s decision to dismiss the case was improper because
a Texas trial
court has no inherent authority to dismiss a cause of action.  We affirm.

I. ANALYSIS

Appellee filed her original petition with the trial
court on November 12, 1998, alleging that appellants misrepresented material
facts during the contractual stages of a home purchase.  Appellants filed a general denial and a
counterclaim for attorney=s fees.  On
November 18, 2003, the trial court judge signed an order dismissing appellee=s lawsuit for want of prosecution.  This order also denied appellants= counterclaim for legal fees, which was based on a
contractual clause in the home purchase agreement that required, in the event
of litigation, reimbursement of litigation costs to the prevailing party by the
non-prevailing party.  On appeal,
appellants argue that the trial court had no authority to dismiss their claims
under any Texas
statute or common law.

A party cannot raise an issue for the first time on
appeal when that party did not present the issue to the trial court.  Tex.
R. App. P. 33.1(a); see also PGP Gas Products, Inc. v. Fariss,
620 S.W.2d 559, 560 (Tex.
1981).  Generally, complaints on appeal
must be preserved at the trial court level by timely request, motion,
objection, or some other vehicle.  PGP
Gas Products, Inc., 620 S.W.2d at 560. 
The complaint must identify the matter or event specifically enough
to apprise the trial judge of the alleged error.  Id.








Appellants failed to preserve their complaint for appeal by
not properly presenting the alleged error to the trial court.  At the dismissal hearing, the trial judge
denied appellants= request for
attorney=s fees.  Appellants= attorney
indicated he understood this denial, and that he himself would draft a new
dismissal order including this denial for the trial judge to sign.  At no time did he object to the ruling, nor
did he file a motion for a new trial raising this complaint.  Any error in the denial of awarding attorney=s fees is not a
fundamental error, and therefore must be preserved by proper objection.  Tex.
R. App. P. 33.1(a); City of Port Isabel v. Shiba, 976 S.W.2d 856,
860-61 (Tex. App.BCorpus Christi 1998, pet. denied)
(holding that trial court improperly awarded attorney=s fees, but
that appellate review of the error was waived when the city failed to object).

Appellants did not
make their contentions known to the trial court at the dismissal hearing, nor
did they take any action to do so after the order was granted.  There is nothing in the record that shows the
error was properly preserved.  Torres,
869 S.W.2d at 556; see also Andrews v. ABJ Adjusters, Inc., 800 S.W.2d
567, 569 (Tex. App.BHouston [14th
Dist.] 1990, writ denied).  Accordingly,
we overrule appellants= single issue.

II.  CONCLUSION

We affirm the
order of the trial court.

 

 

                                           

Rogelio
Valdez,

Chief
Justice

 

 

Memorandum Opinion delivered and
filed

this 14th day of July,
2005.