# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-21-00229-CV

---

**CIM Management Group, Appellant**

**v.**

**Kenneth A. Burnett, II, Appellee**

---

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV -20-004833, THE HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

CIM Management Group appeals the judgment of the county court at law favoring Kenneth A. Burnett, II. CIM contends that the county court lacked jurisdiction over this case and that no evidence supports its award of attorney's fees. We will reverse the award of attorney's fees to Burnett and render judgment that he take nothing by his claim for attorney's fees. We will affirm the judgment in all other respects.

Burnett lived in an apartment managed by CIM. In July 2020, CIM locked him out. Burnett filed in justice court a sworn complaint for writ of reentry that was granted on July 24, 2020, but was returned unexecuted with the constable's notation that "Plaintiff never showed up to apt. after multiple voicemails and email left." After a hearing to reexamine the sworn complaint on August 21, 2020, the justice court rescinded the writ and denied the complaint. Five days later on August 26, Burnett filed a notice of appeal challenging the denial

of the writ and a Statement of Inability to Afford Payment of Court Costs or an Appeal Bond (Statement of Inability).

On August 27, 2020, the justice court signed an Order Denying Plaintiff's Appeal, concluding that "there is no appeal remedy in a denied Writ of Re-Entry." The justice court ordered "that Plaintiff's Notice of Appeal be and is hereby DENIED, and the Order Denying Issuance of Writ of Re-Entry signed August 21, 2020 is final." On September 28, 2020, Burnett filed a motion for rehearing on the order denying his appeal on grounds that the appeal is permissible. After a hearing on October 12, 2020, the court reconsidered its August 27 Order Denying Plaintiff's Appeal and forwarded the appeal to the county court, concluding that Burnett "timely appealed the Court's Order denying the issuance of a writ of re-entry in accordance with TEX. PROP. CODE § 92.009(g)." Burnett did not file a renewed notice of appeal.

After a de novo hearing, the county court rendered judgment for Burnett, concluding that CIM violated Texas Property Code § 92.0081 and ordering that Burnett have possession of the premises. The county court assessed civil penalties of $4,000 and awarded Burnett attorney fees of $46,950 plus costs of court.

CIM appealed, contending that the county court never obtained jurisdiction over the case because the justice court lost plenary power before sending it to the county court. CIM also contends that no evidence supports the county court's award of attorney's fees.

The county court had jurisdiction over this case. After describing the proceedings in the justice court on a sworn complaint for reentry, the Property Code states, "A party may appeal from the court's judgment at the hearing on the sworn complaint for reentry in the same manner as a party may appeal a judgment in a forcible detainer suit." Tex. Prop. Code § 92.009(g). A party appeals from a judgment in a forcible-detainer suit—and thus from a denial

2

of reentry—by filing a Statement of Inability with the justice court within five days after the judgment is signed. *See* Tex. R. Civ. P. 510.9(a). Five days after the justice court signed its August 21, 2020 judgment, Burnett filed both a notice of appeal and a Statement of Inability with the justice court on August 26, 2020. An appeal is perfected when a Statement of Inability is filed in accordance with Rule 510.9. *Id.* R. 510.9(f). A justice court loses plenary power when an appeal is perfected. *Id.* R. 507.1. The case is tried de novo in the county court. *Id.* R. 510.10.

Orders issued outside of a trial court's plenary power are typically void because a court no longer has jurisdiction to act once its plenary power has expired. *In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding). The justice court's orders after Burnett filed his Statement of Inability on August 26, 2020 were made after appeal to the county court was perfected, after the justice court lost plenary power, and were void. CIM's jurisdictional arguments are tied to the August 27 order denying appeal and related orders and pleadings and are thus based on void orders and inapplicable deadlines. Burnett timely perfected his appeal from the August 21 judgment and properly invoked the county court's jurisdiction.

However, no evidence in the record supports the county court's award of attorney's fees to Burnett. The award of attorney's fees is discretionary, not mandatory, in reentry cases. *See* Tex. Prop. Code § 92.005(a). A trial court's fact findings on disputed issues are not conclusive, and when the appellate record contains a reporter's record, as it does here, an appellant may challenge those findings for evidentiary sufficiency. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994); *Super Ventures, Inc. v. Chaudhry*, 501 S.W.3d 121, 126 (Tex. App.—Fort Worth 2016, no pet.). We review the sufficiency of the evidence supporting challenged findings using the same standards that we apply to jury findings. *Catalina*, 881 S.W.2d at 297. To challenge the legal sufficiency of the evidence to support a finding on

3

which an adverse party bore the burden of proof as with Burnett's attorney's fees, the appellant must show the record contains no evidence to support the adverse finding. *See Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983). Evidence is legally insufficient to support a finding when the record bears no evidence of a vital fact. *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 480 (Tex. 2017).

CIM notes in its appellate brief that, although the record contains references to an affidavit supporting attorney's fees, no affidavit is in either the clerk's record or reporter's record. Burnett did not offer evidence of attorney's fees during the December 10, 2020 hearing, though the hearing was recessed until December 17, 2020. On December 16, 2020, CIM filed a Motion to Strike Plaintiff's Evidence Submitted After Case-in-Chief Closed. CIM asserted that Burnett's trial counsel "submitted" an affidavit concerning attorney's fees after the plaintiff rested its case-in-chief; CIM also objected to the contents of the affidavit. The reporter's record of the December 17, 2020 hearing shows that the county court denied CIM's motion to strike and stated, "You made objection to their attorney fee affidavit. I am letting that in as part of their evidence." Shortly thereafter, CIM's counsel asserted it sought to strike the affidavit, and the county court said "I am letting that in. I consider that as part of submission." However, the affidavit was not marked or offered on the record. It was not included in the record among Burnett's twelve exhibits admitted at the hearings. It is not in the clerk's record, nor is there any indication in that record that it was filed with the clerk. There is no indication in the record before us that CIM requested a partial clerk's record or reporter's record that intentionally or accidentally excluded the affidavit.

The party tendering an exhibit into evidence has the burden to see that the exhibit is properly identified, marked, and delivered into the custody of the court reporter for inclusion

4

in the appellate record. *Fariss v. PGP Gas Prod.*, 606 S.W.2d 957, 959 (Tex. App.—Austin 1980), *rev'd on other grounds*, 620 S.W.2d 559 (Tex. 1981). Burnett's Volunteer Legal Services attorneys withdrew at the close of proceedings in the trial court. Here, Burnett filed a pro se motion for extension of time to file his brief but did not file a brief explaining whether or how the affidavit was properly in the record before the trial court, nor is there any indication in our record that he requested the filing of a supplemental clerk's record or reporter's record containing the affidavit under Texas Rules of Appellate Procedure 34.5 or 34.6. Parties are required to cite to the record in their brief to support their factual contentions. *See* Tex. R. App. P. 38.1(i), 38.2; *Marincasiu v. Drilling*, 441 S.W.3d 551, 561 (Tex. App.—El Paso 2014, pet. denied). While this Court is under no obligation to search through the record when a party fails to cite to the record for factual contentions, *Canton–Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931-32 (Tex. App.—Houston [14th Dist.] 2008, no pet.), our review of the records before us has not revealed Burnett's attorney's fee affidavit.

Because the record contains no evidence supporting the finding of fact or the award of attorney's fees, we must sustain CIM's second issue on appeal. We reverse the award of attorney's fees and render judgment that Burnett take nothing by his claim for attorney's fees. We affirm the judgment in all other respects.

_____

Darlene Byrne, Chief Justice

5

Before Chief Justice Byrne, Justices Kelly and Smith

Affirmed in Part; Reversed and Rendered in Part

Filed:   August 19, 2022