Robert Lee SMITH, et ux., Appellants,

v.

**GULF STATES UTILITIES COMPANY, Appellee.**

No. A2748.

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 1, 1981.

Rehearing Denied April 29, 1981.

Robert L. Burns, Sears & Burns, Houston, for appellants.

Paul W. Gertz, Orgain, Bell & Tucker, Beaumont, Charles S. Davis, Davis, Durham & Canon, Huntsville, for appellee.

Before BROWN, C. J., and PRESSLER and JUNELL, JJ.

JUNELL, Justice.

This is an appeal from an order denying an application for a temporary injunction. The appellants, Mr. and Mrs. Smith, sought an order enjoining appellee, Gulf States Utilities Company, ("Gulf States") from proceeding under the authority of Tex.Rev. Civ.Stat.Ann. art. 3264 (Vernon 1968) to enter upon and take possession of certain land owned by the Smiths and from excavating and clearing trees and vegetation, from erecting structures, and from making any other use of said land pending final judgment in the condemnation suit. The Smiths contend the trial court erred in refusing the temporary injunction because the condemnation proceeding was void and vested no right in the utility company and no jurisdiction in the court. We disagree and affirm the judgment of the trial court.

Mr. and Mrs. Smith own approximately 77 acres in Grimes County on which is located their homestead and upon which Gulf States sought to obtain an easement of approximately 13 acres on which to construct utility lines. After approximately one year of attempted negotiations with the Smiths, Gulf States filed a statement under the prescribed procedure of Tex.Rev.Civ. Stat.Ann. art. 3264. Special commissioners were appointed and a hearing was held to determine the amount of the award for the property being condemned. The Smiths did not attend or participate in the hearing. There being no County Court at Law in Grimes County, the Smiths filed their objections to the award of the Commissioners with the district court in which the proceeding was initiated and which had jurisdiction of the matter. Gulf States deposited a sum equal to the amount of the award into the registry of the Court and filed a bond for the purpose of taking possession of the property pursuant to Tex.Rev.Civ.Stat.Ann.

art. 3268 (Vernon 1968, Vernon Supp.1980). Thereafter, Gulf States began clearing trees and other vegetation from the land, at which time the Smiths applied to the District Court for a temporary restraining order and temporary injunction to prevent Gulf States from further entry upon their land. A hearing was held at which the Smiths' requests were denied. They have appealed that order and requested a temporary injunction be issued by this court in order to preserve the status quo and prevent the appeal from becoming moot. They contend the proceeding in the district court is void for failure to satisfy the requirements of Article 3264. Specifically they assert that service on Mrs. Smith of notice of the hearing was not obtained, that the deposit in the registry of the court of the award was improper, that the description of the property to be condemned was inadequate and that Gulf States failed to make a good faith effort to agree with the Smiths on damages.

 Condemnation proceedings are special in character, and there must be a showing of strict compliance with the law authorizing the taking of property for public use. The mere filing of the statement in condemnation does not determine jurisdiction. Notice to the land owner is required; and until he is properly served with notice in accordance with the statute, the court is without jurisdiction and the special commissioners have no authority to assess damages or perform any act which would declare a condemnation of the property. *City of Houston v. Kunze*, 153 Tex. 42, 262 S.W.2d 947, 951 (1954). Where condemnation proceedings are void for want of power or jurisdiction, such void proceeding may be enjoined. *Lone Star Gas Co. v. City of Ft. Worth*, 128 Tex. 392, 98 S.W.2d 799 (1936).

Tex.Rev.Civ.Stat.Ann. art. 3264 provides with regard to notice:

5. Notice in writing shall be issued by the commissioners to each of the parties interested, notifying them of the time and place selected for the hearing.

6. The notices shall be served upon the parties at least ten (10) days before the day set for the hearing, exclusive of the day of the service, and may be served by any person competent to testify, by delivering a copy of such notice to the party, his agent or attorney."

Each landowner is required by the statute to be served with notice of the hearing of the special commissioners. Appellants contend that the attempt by Gulf States to serve Mrs. Smith was inadequate to confer jurisdiction on the court. We disagree. The evidence elicited at the hearing on the temporary injunction supports a finding that notice was properly served on the landowners. Phillip McDonald, right-of-way agent for Gulf States who was involved in the attempted negotiations with the Smiths, testified that on the evening of October 23, 1980, he appeared at the Smith's residence and personally handed Mr. Smith his copy of the notice of hearing, proper service of which is unquestioned.

McDonald also testified that he had a conversation with Mrs. Smith through the window, that he heard her say she would not accept "anything" from McDonald, that he explained to Mr. Smith that he, McDonald, needed to hand the papers to Mrs. Smith and that he gave Mrs. Smith's papers to Mr. Smith after Smith offered to see that Mrs. Smith got them.

Mr. Smith testified that Mrs. Smith had been very upset by the condemnation proceedings, that she wanted nothing to do with McDonald, that she refused to come to the door, and that Smith either offered to or agreed to accept Mrs. Smith's papers which he did receive and left on the table by their telephone in the kitchen. He also testified that Mrs. Smith knew that McDonald was at the house, that he had papers for her and that Mr. Smith had been served with notice of the condemnation proceedings. He further testified that she wanted nothing to do with Gulf States.

 Mrs. Smith's testimony was that she knew McDonald was at their home to serve papers relating to the condemnation proceeding on her and that she told her husband she wanted nothing to do with "these"

people, she didn't want to see McDonald and had nothing to say to him. She testified that she knew McDonald and verified the substance of the conversation McDonald testified she had with him, but Mrs. Smith's version was that the conversation was between Mr. and Mrs. Smith, not Mrs. Smith and McDonald. She testified she wanted nothing to do with any of the people from Gulf States, that she resented McDonald coming to her home, that she knew McDonald had served papers on Mr. Smith and that Mr. Smith advised her that hers had been left at their home also. We feel that the testimony supports a finding that Mrs. Smith refused to accept the papers. Under these circumstances, and under the rule announced in *Dosamantes v. Dosamantes*, 500 S.W.2d 233, 237 (Tex.Civ. App.-Texarkana 1973, writ dism'd), service on Mrs. Smith of the notice of hearing was proper. The court in *Dosamantes* reasoned that:

> "one who is within the jurisdiction has the obligation to accept service of process when it is reasonably attempted. He is usually held to have been personally served if he physically refuses to accept the papers and they are then deposited in an appropriate place *in his presence or near him where he is likely to find them, if he is also informed of the nature of the process and that service is being attempted.*" (emphasis ours)

In *Dosamantes* an attempt at service was held not to be good where the notice of the Texas divorce suit was pushed under the door of the appellant's home after delivery was attempted by a person who spoke only English while the appellant spoke only Spanish.

The evidence indicates that Mrs. Smith was informed of the nature of the process and that service was being attempted. The papers were not deposited in Mrs. Smith's presence, but they were deposited in an appropriate place *near her* where she was likely to find them. We find the requirements of *Dosamantes* were met to support delivery to Mrs. Smith as required by Article 3264.

Appellants next contend that the deposit in the registry of the court was inadequate to satisfy the requirements of Tex. Rev.Civ.Stat.Ann. art. 3268, which provides:

> "If the plaintiff in the condemnation proceedings should desire to enter upon and take possession of the property sought to be condemned, pending litigation, it may do so at any time after the award of the commissioners, upon the following conditions, to-wit:
>
> "1. It shall pay to the defendant the amount of damages awarded or adjudged against it by the commissioners, or deposit the same in money in court, subject to the order of the defendant, and also pay the costs awarded against it.
>
> "2. In addition thereto, it shall deposit in said Court either (a) a further sum of money equal to the amount of the damages awarded by the Commissioners, or (b) a surety bond in an amount equal to the amount of the damages awarded by the commissioners issued by a surety company duly qualified to do business in this state, and which shall be held, together with the award itself, should it be deposited in Court instead of being paid, exclusively to secure all damages that may be awarded or adjudged against the plaintiff . . ."

Appellants contend the deposit made in the registry of the court fails to comply with Article 3268 because it is subject to the order of both Mr. and Mrs. Smith. They assert that the money deposited by Gulf States is not subject to the order of the landowner as required because Mr. Smith cannot withdraw the funds without the agreement of Mrs. Smith, and Mrs. Smith, allegedly not validly served, cannot agree to such withdrawal without consenting to the taking and waiving any claim for additional damages. This argument fails, for the reason that Mrs. Smith, having been properly served, is a party and the deposit was properly made jointly payable to Mr. and Mrs. Smith. Appellant's second point is overruled.

Appellants next complain that the description of the land sought to be con-

demned fails to satisfy the requirements of Article 3264 because it does not describe the entire tract of land sought to be taken. In order for the jurisdiction of the tribunal having the power to condemn to attach, the statement filed by the party seeking to condemn must describe the land sought to be condemned. *Parker v. Ft. Worth & D. C. Ry. Co.*, 84 Tex. 333, 19 S.W. 518, 519 (1892). The certainty required in such a description is of the same nature as that required in conveyances of land, so that a surveyor could go upon the land and mark out the land designated. *Wooten v. State*, 142 Tex. 238, 177 S.W.2d 56, 57 (1944).

■ The subject property is described by means of three exhibits, A, B and C, which are attached to the petition and statement filed with the court. Exhibit A generally describes the easement as being 241 feet wide and extending 120.5 feet on either side of a centerline described by legal description, which easement is shown on exhibit C, a plat of the three tracts owned by the Smiths across which the easement extends. Exhibit B contains a legal description of each of the three tracts of land. Appellant's contention is that because the plat shows a diagonal line at either end of the easement, extending a distance more than 120.5 feet, the description is inaccurate and, therefore, inadequate. We disagree. The petition and statement make reference to three exhibits which when examined together clearly show from the face of the proceedings the property sought to be condemned in such a way as to locate it with certainty.

Appellants also contend that by reason of the inclusion of the following language in plaintiff's original petition and statement, the description is void:

*"Said facilities will be located within the above described easement strip, except that at angle points plaintiff seeks and will require the right to place guy wires, stubs and anchors outside said easement strip* in sufficient number and at such locations as to adequately brace its structures... Plaintiff also seeks and will require the right to trim, cut or remove from the land outside of said easement strip above described, any and all dead, weak or dangerously leaning trees which in falling could come within ten feet of the electric lines of plaintiff, upon payment of the reasonable market value of such trees." (emphasis ours)

The original petition included no description of the land on which the guy wires, stubs and anchors outside the easement strip would be placed. Gulf States has cured this defect in its amended petition, which provided that the guy wires, etc. be placed within the boundaries of the easement. We find that the description, as amended, satisfied the requirements of Article 3264.

■ Appellant's last point asserts that the proceeding is void because Gulf States failed to make a good faith effort to agree with the Smiths on damages in satisfaction of the requirement of Article 3264 which provides that the plaintiff's statement include that the plaintiff and the landowner have been unable to agree upon the value of the land or the damages. Appellants argue there was no good faith negotiation because 1) the Smiths were not furnished copies of plans and specifications, 2) they were not advised that use of the easement was to be unlimited, 3) the description of the easement was inadequate, and 4) while offers were made to purchase only the easement, negotiations included the proposed purchase of all three of the tracts. The Smiths contend that for these deficiencies they were unable to evaluate the effect of the taking on the remainder, the resulting damages and the reasonableness of the offers being made. We find no merit to this argument. The Smiths were given sufficient information on which to base an evaluation. The description was adequate. There is no requirement that plans or specifications be furnished. The record indicates there was testimony from both Mr. Smith and Mr. McDonald from which the trial court could satisfy itself that good faith negotiations took place. Appellant's fourth point is overruled.

Gulf States asserts that even if a deficiency exists as to any of the prerequisites

of Article 3264, it is entitled to immediate possession of the premises upon posting of security because Gulf States has filed an answer and cross-bill in the district court under Tex.Rev.Civ.Stat.Ann. art. 3269 (Vernon 1968) subsequent to the denial of the temporary injunction and appeal to this court. We cannot agree. Article 3269 provides:

> When the State of Texas, or any county, incorporated city, or other political subdivision, having the right of eminent domain, or any person, corporation or association of persons, having such right, is a party, as plaintiff, defendant or intervenor, to any suit in a District Court, in this State, for property or for damages to property occupied by them or it for the purposes of which they or it have the right to exercise such power of eminent domain, or *when a suit is brought for an injunction* to prevent them or it from going upon such property or making use thereof for such purposes, the Court in which such suit is pending may determine the matters in dispute between the parties, including the condemnation of the property and assessment of damages therefor, upon petition of the plaintiff, cross-bill of the defendant or plea of intervention by the intervenor asking such remedy or relief; and such petition, cross-bill of plea of intervention asking such relief shall not be an admission of any adverse party's title to such property; and in such event the condemnor may assert his or its claim to such property and ask in the alternative to condemn the same if he or it fails to establish such claim and provided that, if injunctive relief be sought, the Court may grant such relief under the Statutes and Rules of Equity, or may, as a prerequisite for denying such relief, require the party seeking condemnation to give such security as the Court may deem proper for the payment of any damages that may be assessed on such party's pleading for condemnation.

■ We do not agree with Gulf States that Article 3269 may be used in this instance to obviate the requirements of Article 3264. Our reading of the statute, its legislative history and the cases, indicates it was intended to vest original jurisdiction in the district court. It will not confer jurisdiction in a case such as this where the district court has appellate jurisdiction of an administrative condemnation proceeding under Article 3264. The Smith's application for injunctive relief ancillary to appeal of the administrative proceeding does not amount to filing suit in district court for any of the three purposes provided for in Article 3269.

■ We find, however, that the requisites of Article 3264 were satisfied by Gulf States and the district court did not abuse its discretion in denying the temporary injunction. Judgment of the trial court is affirmed.