MATADOR PIPELINES OF TEXAS,
INC., Appellant,

v.

Earl J. MARTIN, Trustee, Appellee.

No. B14–84–080CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 6, 1984.

James E. Myers, Andrew & Kurth, Houston, for appellant.

Robert L. Burns, Sears & Burns, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Matador Pipelines of Texas appeals a trial court judgment holding that appellant Matador did not have the right or power to condemn land owned by appellee Earl Martin. Although appellant raises four issues on appeal, we believe the decisive issue now before us is whether appellee received adequate notice of the commissioners' hearing concerning damages for condemnation. After careful review of both the statutory requirements for such notice and the circumstances here presented, we conclude that appellee did receive adequate notice of the condemnation hearing. Accordingly, the judgment of the trial court is reversed and remanded for further proceedings as directed below.

Clayco Pipeline Company, whom appellant Matador subsequently bought out, filed a statement in condemnation to acquire from appellee a pipeline easement. In accordance with the then applicable eminent domain statutory procedures, three special commissioners were appointed to assess damages for the condemnation. TEX.REV.CIV.STAT.ANN. art. 3264(2) (Vernon 1968) (repealed 1983).[1] The commissioners signed a notice setting a hearing to determine the amount of damages to which appellee was entitled for the condemnation. Although a copy of this notice was on file on the day of the hearing, appellee did not attend. Consequently, damages were assessed based upon appellant's testimony. Appellee thereafter filed his objections to the award, and the cause was set for trial in the district court.

At the close of appellant's trial evidence, appellee moved for a directed verdict on the grounds that notice to appellee was

---

1. Eminent domain enactments are now located at TEX.PROP.CODE ANN. chapter 21 (Vernon 1984).

defective and that there was no return of the notice made to the special commissioners. The court granted the motion, holding that the condemnation proceeding was void and that appellant did not have a right to condemn the easement. The trial court then admitted evidence and submitted issues to the jury on the damages sustained by appellant's temporary possession of the easement and other ancillary matters. The court entered judgment awarding damages and possession of the easement to appellee, and ordered appellant to remove the pipeline from appellee's property.

In its first two points of error, appellant contends that the trial court erred in granting appellee's motion for directed verdict because the notice and return of notice were sufficient. To fully develop this issue we must examine the then existing condemnation laws and the factual situation before us.

Article 3264 contains detailed procedures to be followed in order for an entity to obtain and exercise the right of eminent domain. TEX.REV.CIV.STAT.ANN. art. 3264 (Vernon 1968) (repealed 1983). After the prospective condemnor has attempted fruitless efforts to agree with the landowner on the amount of condemnation damages, it must then file a petition in condemnation with the county judge.[2] The judge will then appoint three special commissioners to assess damages. These commissioners must set a time and place for a hearing to assess damages, and must issue a notice informing the landowner of the time and place selected. The person serving that notice must return the notice to the commissioners on or before the day set for hearing, along with his return in writing stating how and when it was served. Only after notice has been perfected can the commissioners proceed to hear the parties and assess damages.

The specific facts of this case require a careful interpretation of this statute. A notice, signed by the commissioners, was filed stamped on the day of the hearing. Content-wise, this notice met the statutory requirements, but contained an additional statement that the original' statement in condemnation was attached. The file-stamped notice did not include this attachment. Appellee, however, admitted that he indeed received a copy of the notice along with appellant's first amended statement in condemnation. It appears from the record that the trial court's theory for granting the directed verdict hangs on the narrow thread that the failure to include the original statement was a fatal deficiency. If this is indeed the court's construction of the statute, we cannot agree with such a hypertechnical interpretation.

■ Article 3264 by its plain terms does not require that the statement be attached to either the notice or the return; and the contents of the notice here issued undisputedly met the statutory requirements. While the notice alleged that the statement was attached, such statement was already included among the papers of the court, and it is therefore inconsequential that it was not attached to the notice. Furthermore, appellee admitted he received a copy of the amended statement, which contained no major deviations from the original statement. Even under the standard of strict statutory compliance, we believe that appellant met its burden of proof of proper notice. *See Coastal Industrial Water Authority v. Celanese Corporation of America*, 592 S.W.2d 597, 599 (Tex.1979).

■ Appellee suggests, however, that article 1, section 17 of the Texas constitution, which prohibits the taking or damaging of property without compensation, mandates that the statement in condemnation must be attached or the substance of it stated in the notice. While recognizing that a landowner is constitutionally entitled to know of the damages to which he is entitled and the evidence necessary to that end, we believe that appellee's receipt of the amended statement in condemnation satisfied this requirement. *See Coastal Industrial Water Authority*, 592 S.W.2d at 601.

---

**2.** In this particular case the cause was presented to the district court.

■ Similarly, appellant attacks the directed verdict contending that the return of service was adequate. Again, the return of service, with the time and place of service, and a statement that the server was competent to testify, was on file with the commissioners. As appellee points out, however, the return did contain an inconsistency. The notice was served on May 11, but was notarized on May 8. Although the date of notarization is obviously incorrect, we do not believe that the error is such as to nullify the validity of the return of service, particularly in light of the fact that appellee admitted that he received the notice on May 11. The return contained the information required by article 3264 and was therefore sufficient to confer jurisdiction on the commissioners.

■ In a somewhat shotgun approach, appellee attacks various other "errors" in the pre-trial procedures. While we do not find it necessary to address each of these alleged "defects", two contentions are noteworthy. First, appellee claims that the notice was invalid because it alleged that the statement in condemnation had been filed with the district clerk instead of with the county judge as required by article 3264. Appellee fails to note that the statement was in fact signed by the judge as filed with him. Secondly, appellee suggests that the notice was fatally defective because it was directed only to him, and was not delivered to the condemnors. This contention is meritless. The requirement of article 3264 that all interested parties be notified refers only to *landowners*, not to condemnors. *See Rotello v. Brazos County Water Control & Improvement District*, 574 S.W.2d 208, 212 (Tex.Civ.App.— Houston [1st Dist.] 1978, no writ). Both these and appellee's additional attacks on the pre-trial procedure are not controlling, and further discussion thereof is unnecessary.

■ In summary, the purpose of the condemnation notice requirements is to insure the landowner's attendance and representation at the commissioner's damages hearing. The statutory burdens were here satisfied and the minor deviations were not such as to defeat the purposes of the enactment. A holding to the contrary would establish a rule of hyper-technicality in a situation where the law and the evidence dictate that the statutory requirements were met. Appellant's first and second points of error are sustained.

■ Having thus decided that the notice of the commissioner's hearing was sufficient, the final matter for our resolution is the ultimate disposition of the case. Appellant requests that the cause be remanded, but the question remains of the extent of the issues to be re-tried. While remands solely on the issue of damages are frequently not feasible, the special character of condemnation proceedings lends itself to exactly such a procedure. The general rule that it is improper for a court to reverse and remand on the single issue of unliquidated damages finds logical application in the typical case where damages are a reflection of the liability creating them. *See* TEX.R.CIV.P. 434; *Eddings v. Black*, 602 S.W.2d 353, 359 (Tex.Civ.App.—El Paso 1980), writ ref'd n.r.e. 615 S.W.2d 168 (Tex. 1981). Consequently, if a case is reversed on a liability issue, the damages must also be redetermined. Condemnation proceedings, however, are not equivalent to the typical liability lawsuit. Should it be necessary for a condemnation suit to be tried in the court, the primary, and often only, issue for the jury's determination is damages for the taking of the land. Furthermore, the amount which the jury can award is based solely upon land valuation, and does not in any way reflect upon any ancillary matters which might be proper for the jury's consideration. A remand for determination of damages only is therefore a viable alternative in a condemnation case.

We believe that this procedure is proper under the facts now before us. The notice was proper as a matter of law, as discussed fully above. Additional, ancillary factual disputes were presented to the jury and answered favorably to the appellant. The only issue left for the jury's further consideration is that of damages.

We reverse and remand the cause for a determination of the condemnation award. In accordance with this holding, appellant does not have to remove the pipeline from appellee's land.