Gloria Broski **PRYOR**, Floyd Pryor, Jr. & Shirley Broski Hussion, Appellants,

v.

The **STATE** of Texas, Appellee.

No. B14–88–01076–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 4, 1989.

Rehearing Denied June 22, 1989.

H. Dixon Montague, Walker W. Beavers, Houston, for appellants.

Michael E. Denosky, Asst. Atty. Gen., Austin, for appellee.

Before MURPHY, ROBERTSON and SEARS, JJ.

## OPINION

ROBERTSON, Justice.

This appeal is from an order of the court dissolving a temporary injunction entered in a condemnation proceeding. The sole issue before us is whether the trial court abused its discretion. We affirm.

On July 15, 1988, the State of Texas, acting through the State Highway and Public Transportation Commission, filed its original statement or petition for condemnation of certain properties belonging to appellants. The properties consisted of two tracts: tract one being 3.007 acres for use in construction of Beltway 8 and tract two being 1.406 acres for a permanent drainage channel in connection with the same project. It was alleged that the parties had been unable to agree upon the value of the land sought to be condemned and requested the appointment of special commissioners to assess the damages. The statement or petition was amended on August 4 to make minor changes in the allegations for the use of tract one and was again amended on August 18 to add Floyd J. Pryor, Jr., an easement holder, as a party. So far as the record before us shows, appellants were not served with either of these statements or petitions. On August 22, 1988, the special commissioners, appointed by the court to assess damages, met and scheduled the hearing for September 12, 1988, at 3:00 p.m.

On September 1, 1988, an "Acceptance of Service and Waiver of Notice of Hearing" was filed in the cause. It was executed on August 31, 1988, signed and sworn to before a notary public, and provided:

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW H. Dixon Montague, Attorney for Gloria Broski Pryor, Floyd J. Pryor, Jr., and Shirley Broski Hussion, Defendants in the above-styled and numbered cause, and acknowledges that he is duly authorized to represent the above-named Defendants and is Attorney for each Defendant in the condemnation proceeding; that a copy of Plaintiff's Statement or Petition for Condemnation has been delivered to and received by said Attorney; that on behalf of each Defendant he does hereby accept service of process in such cause and waives the issuance, service and returns of Notice of Hearing upon said Defendants in this proceeding; that he hereby enters an appearance on behalf of each Defendant for all purposes before the Special Commissioners herein; and that said waiver and acceptance shall have the same force and effect as if Notice of Hearing had been issued and served upon each Defendant as provided by law.

Signed this 31 day of August, 1988.

/s/_____

H. Dixon Montague

STATE OF TEXAS

COUNTY OF HARRIS

Before me the undersigned authority on this day personally appeared H. Dixon Montague, and on oath states that he is the attorney for Gloria Broski Pryor, Floyd J. Pryor, Jr., and Shirley Broski Hussion, Defendants in this cause; that he is authorized to execute the above and foregoing Acceptance of Service and Waiver of Notice of Hearing; that he has received and does hereby acknowledge receipt of copies of Plaintiff's Statement or Petition for Condemnation in this cause and knows the contents thereof.

/s/_____

H. Dixon Montague

Beside Montague's signature and to the left of the date on the document appeared a handwritten notation which read "3:00 September 12, 1988 hearing date".

On September 6, 1988, the state filed its Third Amended Statement or Petition for Condemnation. It was identical in all other

respects but decreased the amount of land sought to be condemned in tract two from 1.406 acres to 0.152 acres. The certificate of service shows a copy of the petition was served upon Mr. Montague by messenger on the same day.

An "Order Resetting Hearing before the Special Commissioners" was signed by each of the special commissioners on September 12, 1988, and was filed in the clerk's office at 11:02 a.m. on that day. It read:

We, the undersigned Special Commissioners appointed to assess the damages in the above proceeding, find and announce that by Order and Decision of the Special Commissioners, the Hearing on this cause be rescheduled for the 23rd day of September, 1988 at 9:00 A.M.

It is, therefore, ORDERED by the undersigned Special Commissioners that this Hearing heretofore set to be held at 3:00 P.M. on the 12th day of September, 1988, is hereby reset and the Hearing will be held at 9:00 A.M. on the 23rd day of September, 1988 in the County Commissioners' Conference Room, 9th Floor, Harris County Administration Building, 1001 Preston, Houston, Texas.

It is further ORDERED that service of Notice of Hearing be preserved on all Condemnees who have been properly served or who have signed a waiver of citation for this Hearing, as originally set; and that no new Notices of Hearing be given to these Condemnees.

WITNESS OUR HANDS, this the 12th day of September, 1988.

On September 23, 1988, the special commissioners met, heard evidence, and made an award of $185,395. None of the appellants nor their attorney, Mr. Montague, appeared at the hearing. Notice of the award was sent to each of them and their attorney. On October 4, 1988, appellants filed a plea to the jurisdiction and requested a temporary injunction, which the trial court granted on October 10, 1988, but the order was not signed until October 18, 1988. The state did not appear at this hearing and on October 20, 1988, it filed a motion requesting, among other relief, a

rehearing on the grant of temporary injunction, alleging it had not received notice of the injunction hearing. On November 18, 1988, the state had deposited the condemnation award of $185,395 with the clerk of the court. Finally, on December 9, 1988, the trial court signed an order dissolving the temporary injunction. It is from this order that the appeal originates. The order recites:

The State appeared by and through the Attorney General and the Defendants appeared through Mr. Dixon Montague. Having heard evidence and arguments, the Court finds that the evidence supports the Motion to Dissolve the Temporary Restraining Order.

IT IS, THEREFORE, ORDERED that the Temporary Injunction be, and it hereby is dissolved.

Appellate review of an order granting or denying a temporary injunction is strictly limited to determination of whether there has been a clear abuse of discretion in granting or denying the interlocutory order. *Davis v. Huey*, 571 S.W.2d 859 (Tex. 1978). In their brief appellants reference pages of the record of the hearing on both the temporary injunction and the hearing on the motion to dissolve temporary injunction, but they have not provided a copy of the evidence at either proceeding as a part of the appellate record. While we could refuse to find an abuse of discretion on this basis alone, we will address appellants' contention.

In appellants' sole point of error they allege the "special commissioners' hearing held in the court below is void because of the state's failure to serve appellants with notice of the September 23, 1988 special commissioners' hearing." We do not agree.

The acceptance of service and waiver of notice of hearing shows on its face that it was executed in compliance with Rule 119, TEX.R.CIV.PROC., which provides:

The defendant may accept service of process, or waive the issuance or service thereof by a written memorandum signed by him, or by his duly authorized agent or attorney, after suit is brought,

sworn to before a proper officer other than an attorney in the case, and filed among the papers of the cause, and such waiver or acceptance shall have the same force and effect as if the citation had been issued and served as provided by law. The party signing such memorandum shall be delivered a copy of plaintiff's petition, and the receipt of the same shall be acknowledged in such memorandum.

Appellants allege the waiver was conditional; however there is no evidence before us to support such a contention. We cannot consider a handwritten notation on the waiver as evidence that appellants intended it to be conditional. If such was their intent, it might have been stated in the printed portions of the document. Appellants further argue "there was no waiver of notice signed by the appellants' attorney for the September 23, 1988 Special Commissioners' Hearing." Having already entered an appearance for all purposes and waived notice of hearing, there was no requirement for waiver of notice of the September 23rd hearing. Section 21.015(b), TEX.PROP. CODE unequivocally provides that special commissioners have the authority to reschedule a condemnation hearing. This authority was invoked in the commissioners' order rescheduling the hearing and preserving the notice of hearing. The evidence presented by the state at the condemnation hearing shows that Mr. Montague "signed for a copy of the ... order" rescheduling the hearing on or about September 14th, "so the fact is that he has known about this hearing for sometime." Finally, appellants argue that the commissioners did not have the authority to reschedule the September 12th hearing prior to 3:00 p.m., the hour originally scheduled. Appellants cite no authority nor present any convincing argument for such a proposition. We are not impressed.

Appellant's point of error is overruled and the order of the trial court dissolving the temporary injunction is affirmed.

MURPHY, Justice, dissenting.

I disagree with the majority's disposition of appellants' case and therefore respectfully dissent to the majority opinion.

The appellants are landowners and the owners of an easement in a condemnation case. They appeal pursuant to TEX.CIV. PRAC. & REMS.CODE § 51.014 (Vernon Supp. 1989) from an order dissolving an injunction which had temporarily enjoined the State from taking their property. The sole issue before this court is whether the trial court abused its discretion by dissolving the injunction. *Davis v. Huey,* 571 S.W.2d 859, 862 (Tex.1978). I would reverse the judgment of the trial court which dissolved its temporary injunction order and render judgment reinstating that order.

Because the proceedings in eminent domain authorize the taking of property for public use, the State must demonstrate strict compliance with the procedural prerequisites established by law. *Smith v. Gulf States Util. Co.,* 616 S.W.2d 300, 302 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.); *Rotello v. Brazos County Water Control & Improvement Dist. No. 1,* 574 S.W.2d 208, 212 (Tex.Civ.App. [1st Dist.] 1978, no writ).

*Rotello* and *Smith* were decided under former TEX.REV.CIV.STAT.ANN. art. 3264. Pursuant to the non-substantive codifying Act effective January 1, 1984, ch. 576 §§ 21.011–.016, 1983 Tex.Gen.Laws 3475, 3498–3502, parts of Article 3264 now appear as Subchapter B of Chapter 12 of the Property Code, TEX.PROP.CODE ANN. §§ 21.- 011–.016 (Vernon 1984), which sets the procedural standards governing eminent domain proceedings. At a minimum, Subchapter B requires notice to the landowner and a description of the land as jurisdictional prerequisites to attachment of the special commissioners' authority to condemn; absence of either will render its actions void. *See* TEX.PROP.CODE ANN. § 21.012(a) & (b)(1) (condemning authority's petition must describe the property to be condemned); § 21.016(a)–(c) (entitling each party in an eminent domain proceeding to notice of the hearing of the special commissioners and requiring return of notice to the special commissioners); *Smith,* 616 S.W.2d at 302, 304, citing *City of Houston*

v. Kunze, 153 Tex. 42, 47, 262 S.W.2d 947, 951 (1954) and Parker v. Ft. Worth & D.C. Ry., 84 Tex. 333, 337, 19 S.W. 518, 519 (1892); Matador Pipelines, Inc. v. Martin, 684 S.W.2d 165, 167 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.) (commissioners may hear parties and assess damages only on a showing of return of notice of hearing to assess damages).

On September 23, 1988, at a hearing rescheduled from September 12, 1988, pursuant to Section 21.105(b) of the Property Code, the Harris County Special Commissioners [hereinafter "the special commissioners"] set the condemnation award due the appellants at $185,395. On October 10, 1988, the trial court temporarily enjoined the State from proceeding to take possession of appellants' property, in part because the State had not provided appellants with notice of the September 23 hearing. The trial court dissolved that injunction on November 18, 1988, after the State filed a multi-pronged motion. The motion claimed, in part, that appellants had waived notice of the September 23 special commissioners' hearing. The State relied on a document entitled "Acceptance of Service and Waiver of Notice of Hearing" [hereinafter "the Acceptance and Waiver"] executed by the appellants' attorney. The State had originally filed the Acceptance and Waiver as sufficient proof of their having served appellants with notice and of appellants' effective return of service, as required by TEX.PROP.CODE ANN. § 21.016.

The State asks us to affirm the trial court's decision based on appellant's Waiver and Acceptance. As in the trial court, appellants argue the September 23 special commissioners hearing is void because the State failed to serve them with notice. I would conclude the special commissioners acted beyond the scope of their powers and that the trial court abused its discretion when it dissolved the temporary injunction.

As a general rule, unless the appealing party has no adequate remedy at law or proves an irreparable injury entitling him to preservation of the status quo pending

suit, this court may not order relief from an interlocutory order entering or dissolving a temporary injunction. See Harris County v. Gordon, 616 S.W.2d 167, 168 (1981); Lone Star Gas Co. v. City of Ft. Worth, 128 Tex. 392, 98 S.W.2d 799 (1936). But an injunction will properly issue without a showing of a lack of adequate remedy at law or an irreparable injury when the condemning authority's actions exceed its jurisdictional powers and are therefore void. Baird v. Sam Houston Elec. Coop., Inc., 627 S.W.2d 734, 736 (Tex.App.—Houston [1st Dist.] 1981, writ dism'd); Smith, 616 S.W.2d at 302, both citing Lone Star Gas Co., 128 Tex. 392, 98 S.W.2d 799.

The issue before us is whether the Acceptance and Waiver, which the State filed and which contains the hand-written notation reflecting a September 12, 1988 date, effectively waived appellants' procedural rights to notice of the September 23, 1988 hearing under the Property Code when: 1) the record shows that appellants executed the Waiver and Acceptance before the State changed the total acreage it sought to condemn; 2) the record illustrates that the special commissioners relied on the Acceptance and Waiver as effective notice of the September 23, 1988 hearing; but 3) the record does not affirmatively reflect that the State served appellants with the petition claiming the changed acreage.

The State had filed two amended petitions by August 22, 1988, when the special commissioners set a September 12 hearing date for determination of the appellants' condemnation award. Appellants executed their Waiver and Acceptance on August 31, 1988. It was filed the next day. The face of the instrument acknowledges receipt of the State's "Statement or Petition for Condemnation" and accepts service of process. The State did not file its third amended petition until September 6, 1988. Accordingly, the acknowledgments reflected in the Acceptance and Waiver amount to no evidence of appellants' awareness of the acreage the State sought to condemn by its third amended petition.[1] By the Third

---

1. Although appellants insist there is no evidence that they received any of the petitions filed by

the State, the face of their Acceptance and Waiver acknowledges receipt of a "Statement or Peti-

Amended Petition, the State changed the description of the land from the approximately 4.413 acres alleged in its first and second amended petitions to approximately 3.159 acres. *Compare Matador*, 684 S.W.2d at 167 (finding sufficient compliance with former Article 3264 despite failure to attach original statement in condemnation to either the notice, as claimed, or the return given the landowner, because the landowner admitted he had received amended statement, which did not differ substantially from the original).

A hotly contested issue in this case is whether appellants effectively limited their broadly worded Acceptance and Waiver to the September 12 3:00 p.m. hearing by the handwritten addition of that date and time to the instrument. The second issue in controversy is whether the State actually served appellants with notice of the State's third amended petition and whether appellants were aware of the contents of that petition before or at the time of the properly rescheduled September 23 special commissioners hearing. In my opinion, the latter issue is dispositive of appellants' case.

The only record proof of service of the third amended petition is the recital of service by messenger which the State attached to that petition. Because TEX.PROP.CODE ANN. § 21.012(a) entitled appellants to know "exactly the precise land taken," *Parker*, 84 Tex. at 337, 19 S.W. at 519, I would hold that the State's recital does not constitute sufficient evidence of service of the different taking alleged by the State's third amended petition. Under the circumstances presented here, notwithstanding the admittedly broad language of the Acceptance and Waiver, the special commissioners should not have relied on that document's waiver of notice of hearing under Section 21.016(a)–(c) of the Property Code absent affirmative record proof of service of the proposed change in acreage to .be condemned, to which appellants were entitled under Section 21.012(a). The September 23 hearing was therefore void because the special commissioners exceeded their

authority when they proceeded to set the appellants' condemnation award.

I would therefore hold that the trial court abused its discretion when it dissolved the temporary injunction, sustain appellant's contentions and reverse the judgment of the trial court which dissolved its temporary injunction order and render judgment that the trial reinstate its prior temporary injunction order.

## OPINION ON MOTION FOR REHEARING

ROBERTSON, Justice.

Appellants have filed a motion for rehearing alleging this "court has mistakenly overlooked probative, uncontroverted evidence before it" pointing out as incorrect the statement in the majority opinion that appellants had not brought forward a statement of facts of the hearing on both the temporary injunction and the motion to dissolve temporary injunction. Appellants are correct that the statement of facts from each hearing had been filed in this court, but for some inexplicable reason neither volume of the statement of facts was contained in the record while the case was under submission. At some point after submission and prior to the filing of appellants' motion for rehearing, both missing volumes of the record were returned to our file.

This, however, is of no consequence. We did not rest our decision on the absence of those portions of the record but instead addressed appellants' contention on the merits.

The motion for rehearing is overruled.

MURPHY, J., would grant the Motion for Rehearing.

---

tion for Condemnation." Since the Acceptance and Waiver postdates the first and second

amended petitions, appellants have waived any defect in service of those petitions.