Elam B. HORTON et al., Appellants,

v.

COUNTY OF MILLS, Texas, Appellee.

No. 11838.

Court of Civil Appeals of Texas,
Austin.

June 23, 1971.

Wagstaff, Alvis, Alvis & Leonard, David
G. Stubbeman, Abilene, for appellants.

O'QUINN, Justice.

This is a condemnation suit brought by Mills County to acquire the permanent right to impound and store water on 18.47 acres of land owned by Elam B. Horton, Ernest D. Horton and Linda Bell Terry.

The jury found that the flowage easement would decrease the value of the acreage taken by $626.82, but that the remaining land owned by the condemnees would be enhanced in value $562.55 by the water storage project. The trial court entered judgment awarding the landowners damages of $64.27.

The landowners have appealed and bring seven points of error. We reverse the judgment of the county court and remand the cause for further proceedings in conformity with this opinion.

Appellants' points of error are directed at: (1) failure of the trial court to appoint a guardian *ad litem* for one of the landowners who was a minor; (2) the admission of evidence that the condemnor predicted it would not at all times flood the entire 18.47 acres, resulting, appellants contend, in a finding of insufficient damages by the jury; (3) lack of proof by condemnor that it failed to agree with each and all of the landowners as to damages prior to filing its petition in condemnation; (4) condemnor's failure to prove jurisdiction of the county court by introduction of proceedings leading up to filing of landowners' objections to award of the special commissioners; and (5) failure of the condemnor to prove necessity for the proposed project after the landowners made affirmative objections to such necessity.

■ Appellee did not file a brief on appeal and did not avail itself of oral argument. Since appellee has not challenged in any manner the statements of appellants, this Court is authorized to accept appellants' brief as correctly stating the facts and the record. Rule 419, Tex.Rules Civ. Proc.; Trinity Universal Insurance Company v. Weems, 326 S.W.2d 302 (Tex. Civ.App., Austin 1959, no writ).

We consider first appellants' points six and seven under which contention is made that the county failed to prove jurisdiction of the county court and failed to prove necessity for the project.

Appellants do not admit that there has been an agreement or admission of any kind by them that the county had the right under the law to condemn or that the condemnor had taken all steps necessary to effect a lawful taking. The county's authority to condemn was challenged on several grounds in appellants' first amended objections to the award of the special commissioners.

The rule of State v. Jackson, 388 S.W. 2d 924 (Tex.Sup.1965), that by accepting the award of the commissioners the condemnee consents to the taking and may not contend that the taking was unlawful, is not applicable to appellants because they have not withdrawn the award money deposited by the county.

The county, as the condemnor, did not meet the requirements of proving jurisdiction of the court to try the case under Article 3264 et seq., Vernon's Anno.Civ. Stats. The exercise of the power of eminent domain being special in character, there must be a showing of strict compliance with the law authorizing the taking of a person's property for public use. City of Houston v. Kunze, 153 Tex. 42, 262 S.W.2d 947 (1953). In order to show jurisdiction of the court, the proceedings required in the statutes should be introduced in evidence. Estate of Crim v. State, 371 S.W.2d 574 (Tex.Civ.App., Amarillo 1963, no writ); Vey v. City of Fort Worth, 81 S.W.2d 228 (Tex.Civ.App., Fort Worth 1935, writ dismd.). Jurisdiction of the court was not shown when the condemnor failed to introduce these several official proceedings.

■ Appellants timely objected to the necessity of the proposed project. The

county did not introduce the resolution of the commissioners' court to show a determination by the condemning authority of such necessity. Proof of such necessity and the public purpose of the project may be made by introducing additional proceedings such as orders, resolutions, and minutes of the county commissioners declaring the public convenience and necessity for the improvement. See Rayburn, Texas Law of Condemnation, sec. 84, and cases cited.

The requirements of the condemnation statutes must be strictly followed. This rule of law is for the benefit of the landowner. Proof that the statutes have been followed, in proceedings occurring prior to the time the court acquires jurisdiction, must be made in court if the landowner is to be afforded adequate judicial review of his rights. Walling v. State, 394 S.W.2d 38 (Tex.Civ.App., Waco 1965, writ ref. n. r. e.), and cases cited.

We sustain appellants' points six and seven.

■ The trial court permitted the condemnor to introduce evidence that the county proposed to make only partial use at times of the entire 18.47 acres, although the county sought and was awarded the permanent right to subject the entire 18.47 acres of land to an easement to impound, store, and detain water on the tract and to control the level of water impounded and inundating the tract.

It is settled law in this state that the probability that the condemnor will not exercise, or has no present intention of exercising, the full rights acquired under condemnation may not be considered in reduction of damages, where, as in this case, there is nothing to prevent the condemnor from using to the full extent its rights. The law presumes the condemnor will exercise its rights and will use and enjoy the property taken to the extent of its acquisition. Perkins v. State, 150 S.W.2d 157 (Tex.Civ.App., San Antonio 1941, writ dsmd.); Creighton v. State, 366 S.W.2d

840 (Tex.Civ.App., Eastland 1963, writ ref. n. r. e.); City of Corpus Christi v. Polasek, 404 S.W.2d 826 (Tex.Civ.App., Corpus Christi 1966, no writ).

Appellants presented a motion *in limine* requesting the trial court to instruct the condemnor not to make reference to, or mention in the presence of the jury, the fact that the county would exercise less than the full rights and uses sought by its petition. The motion was overruled.

Subsequently, in the course of the trial, evidence was introduced that, based on rainfall records extending over seventy years, the county expected to cover two and one-half acres of the tract with water each year, and that only five acres would be covered as frequently as every two years. This testimony was extended to demonstrate, in the opinion of the witness, who was an engineer qualified as an expert in hydrology, that nine and one-half acres would be covered as frequently as every five years, eleven and one-third acres each ten years, twelve and seven-tenths acres every twenty years, and that only as frequently as once in fifty years would the entire tract be flooded by the condemnor.

The record shows that the condemnor sought and was awarded the permanent right to control the level of the water impounded and inundating the tract. Nothing contained in the acquisition would prevent the condemnor from impounding and detaining water over the entire 18.47 acres at all times. The testimony that less than the full rights probably would be exercised was reasonably calculated to and probably did cause the jury to conclude, as it did, that taking 18.47 acres of appellants' land decreased the value of the tract only $626.-82, although the jury indicated by its answers to other issues that the land had a reasonable market value in excess of $150 an acre. Creighton v. State, supra, 366 S.W.2d 843, col. 2.

■ Appellants do not state in their brief, nor does the record show, that timely

objection was made when this evidence was offered during trial. Although the matter was brought to the trial court's attention by appellants' motion *in limine*, the court's action in overruling the motion will not constitute reversible error without a further showing that the matter sought to be suppressed arose during trial and that appellants made timely objection to introduction of the testimony. State v. Cave, 430 S.W.2d 692 (Tex.Civ.App., Austin 1968, no writ), citing Hartford Accident and Indemnity Company v. McCardell, 369 S.W.2d 331 (Tex.Sup.1963), Bridges v. City of Richardson, 163 Tex. 292, 354 S.W.2d 366 (1962).

Appellants have brought two additional points which we will discuss briefly, in view of the fact that we will remand the cause for trial.

■ One of the appellants, Ernest D. Horton, was a minor when proceedings to condemn were initiated and did not reach his majority until about six months after the county court had acquired jurisdiction of the matter as a cause of action. Rule 173, Tex.Rules Civ.Proc., provides that the court "shall appoint a guardian *ad litem*" for a minor who is "a defendant to a suit and has no guardian within this State." It is undisputed that Ernest Horton was a minor, did not have a guardian, and that no guardian *ad litem* was appointed for him by the county court.

Prior to the filing of appellants' objections to the award of the special commissioners the county court's jurisdiction did not attach, and the proceedings in condemnation did not become a suit in court until appellants appealed from the action of the special commissioners. City of Big Spring v. Garlington, 88 S.W.2d 1095 (Tex.Civ.App., Eastland 1935, no writ); Lewis v. Texas Power and Light Company, 276 S.W.2d 950 (Tex.Civ.App., Dallas 1955, writ ref. n. r. e.). From the institution of condemnation proceedings until after objections to the award were filed there was no cause in county court. Acts performed by the county judge prior to filing of objections were ministerial. City of Big Spring v. Garlington, supra, 88 S.W.2d 1096, col. 2.

Rule 173, requiring appointment of a guardian *ad litem* for a minor who is a defendant in court, was not applicable during the earlier stages of the condemnation, and the county judge had no duty under the Rule to appoint a guardian for Ernest Horton until appellants' objections were filed in county court on November 24, 1969. Young Horton became twenty-one years of age on May 20, 1970, about six months after the county court acquired jurisdiction of the condemnation proceedings as a cause of action. Two days after his twenty-first birthday Horton filed a statement in court that he did "not desire to waive any of his rights which arose as the result of the failure of a guardian ad litem to be appointed in his behalf before he attained the age of twenty-one years." In the statement Horton advised the court that as a defendant he did desire "to appear and be represented from and after this date in the above styled proceedings."

The cause did not proceed to trial until after Horton attained his majority. The record does not disclose any proceeding in court substantially affecting the rights of Horton as having occurred between the date objections were filed and the date Horton, after becoming twenty-one years of age, advised the court he desired to appear and be represented in the case. Although properly a guardian *ad litem* should have been appointed by the court for Horton after objections were filed on November 24, 1969, we do not find that any proceeding affecting his rights occurred thereafter prior to his voluntary appearance and submission as an adult to the jurisdiction of the court.

■ Appellants also urge that the condemnor was required to show that it had been unable to agree upon damages with each and all of the three landowners.

It appears undisputed that no attempt was made to reach an agreement with Ernest D. Horton, who was a minor and on duty with the United States Marine Corps when condemnation was initiated, or with his sister, Mrs. Linda Bell Terry, who at the time was no longer a resident of the county.

Whatever negotiations the county conducted, in an effort to agree upon damages, were with Elam B. Horton, who was the father of the other appellants and who lived on the farm out of which the county sought to condemn the 18.47-acre tract. If the county made a bona fide effort to agree with Elam B. Horton upon damages for the acreage to be taken for the project and such effort failed, it would appear that further effort to reach an agreement with the remaining owners would not be required. 42 Tex.L.R. 523 and cases cited.

It is undisputed that Elam B. Horton refused to sign an easement. Appellants emphasize that the county made no offer of money for the easement but expected Horton to donate his land to the project for overflow purposes. Horton testified at the trial that after being offered some money, by letter from an attorney for the condemnor, he "wasn't willing to accept it. That is the reason that you didn't hear from me." It appears from the record that Horton did not have complete confidence in the persons who talked to him about an easement and was unwilling to agree as to damages.

We find that failure to appoint a guardian *ad litem* for Ernest D. Horton during the six months he was a minor and before he made his appearance as an adult was not so prejudicial to his rights as to constitute reversible error, especially since the suit was not heard until after he submitted voluntarily to jurisdiction of the court upon reaching his majority, and during the six months period no proceeding was had which substantially affected his rights. We also find that the condemnor and Elam B. Horton failed to reach an agreement on damages, and that such failure, under the facts of this case, relieved the condemnor of the further duty to seek through bona fide effort to reach an agreement with the other landowners.

Because the condemnor failed to prove jurisdiction of the county court, or that necessity for the project had been properly found by the condemning authority, we reverse the judgment of the trial court. We remand the cause for trial with instructions that such proceedings be conducted in conformity with this opinion.

Reversed and remanded with instructions.