**TEXAS–NEW MEXICO POWER COMPANY, Appellant,**

v.

**Wanda Nell HOGAN, et al., Appellees.**

**No. 10–91–097–CV.**

Court of Appeals of Texas, Waco.

Jan. 15, 1992.

Rehearing Denied March 11, 1992.

A.W. Davis & Vaughan E. Waters, Davis & Davis, Bryan, for appellant.

Bryan F. Russ, Sr., Palmos, Russ, McCullough & Russ, Hearne, for appellees.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

OPINION

CUMMINGS, Justice.

Texas–New Mexico Power Co. appeals the judgment of the trial court dismissing the proceedings in eminent domain. The suit involved the power company's condemnation of an electric transmission line easement across real property in Robertson County owned by Wanda Hogan, Howard Olexy, and Bernadette Gurka. Following a trial on the merits and the return of a jury verdict establishing the amount of compensation due the landowners, the trial judge entered a judgment ordering the cause dismissed for want of jurisdiction. We will reverse the judgment of dismissal and remand with instructions for the trial court to render judgment on the verdict.

In point one, the power company contends that the court erred in failing to find as a matter of law that the pre-condemnation negotiations with two of the three joint owners of the property satisfied the jurisdictional requirements of section 21.012 of the Texas Property Code. *See* TEX.PROP. CODE ANN. § 21.012 (Vernon 1984).

The Property Code establishes the following requirements for a condemnation petition:

(a) If ... a corporation with eminent domain authority ... wants to acquire real property for public use but is unable to agree with the owner of the property on the amount of damages, the condemning entity may begin a condemnation proceeding by filing a petition in the proper court.

(b) The petition must:

(1) describe the property to be condemned;

(2) state the purpose for which the entity intends to use the property;

(3) state the name of the owner of the property if the owner is known; and

(4) state that the entity and the property owner are unable to agree on the damages.

*Id.*

Both parties agree that an agent of the power company negotiated with one of the joint owners, Howard Olexy, on February 24 and April 12, 1988. The agent testified that he was told by Olexy that the mother of the three landowners would speak for the children regarding the property. He contacted the landowners' mother on five separate occasions but was unable to reach an agreement. The agent testified that, after he had made the final offers to Olexy and his mother, he also contacted another one of the joint owners, Wanda Hogan, and served her with a condemnation hearing notice on June 8. However, the agent never talked with the third landowner, Bernadette Gurka.

The power company filed its petition for condemnation on June 1. On June 23, the special commissioners appointed by the court awarded $21,177 to the landowners jointly. The landowners promptly filed their objections to the commissioners' award, and the condemnation proceeding was tried before a jury. At the close of the evidence, the power company moved for a directed verdict on the issue of sufficiency of pre-condemnation negotiations to support the court's jurisdiction. The court denied the motion. The power company also objected to a jury question inquiring whether it had negotiated in good faith with Gurka prior to the filing of the petition for condemnation. The power company specifically objected that the question was not relevant or material to any disputed issue of material fact because the evidence conclusively established that Olexy and Hogan had each refused offers for the purchase of an easement over the jointly-owned land. The court overruled the power company's objection to the charge.

The jury found that the power company failed to negotiate with Gurka prior to filing the condemnation petition. The jury also found that the difference in the market value of the 10.35–acre tract of land in the easement strip immediately before the taking and immediately after the taking was $18,400; and that the difference in the market value of the remaining 189.65 acres of land immediately before the taking of the easement and immediately after the taking was $13,275. The power company's motion to disregard the jury's answer to the first question regarding pre-condemnation negotiations was denied by the court, and the cause was dismissed for want of jurisdiction.

The power company argues that negotiations with Gurka were not necessary because the attempted negotiations with Olexy were unsuccessful, and the power company was therefore "unable to agree with the owner of the property on the amount of the damages." *See id.* When several persons own interests in the land, it is enough if the condemnor fails to agree with one of them. *See* TERRELL, *Eminent Domain Procedure In Texas*, 42 TEXAS L.REV. 522, 523 (1964). In *Horton v. County of Mills*, 468 S.W.2d 876, 879 (Tex. Civ.App.—Austin 1971, no writ), the court addressed the question of whether the con-

demnor was required to show that it had been unable to agree upon damages with each of the three landowners. Citing TERRELL, the court held that, if the condemnor made a bona-fide effort to agree with one joint landowner and such effort failed, "it would appear that further effort to reach an agreement with the remaining owners would not be required." *Id.* at 880.

Because the agent's testimony of his contacts with Hogan involved negotiations which occurred after the condemnation petition was filed, there is no evidence that the power company made a bona-fide effort to agree with Hogan. However, both parties agree that the power company made a bona-fide effort to agree with Olexy. Following the reasoning of *Horton,* we hold that the pre-condemnation negotiations with Olexy satisfied the jurisdictional requirement of a bona-fide effort to agree upon damages, and that further efforts to reach an agreement with Hogan and Gurka were unnecessary. *See Id.* Therefore, the jury's answer to question one regarding pre-condemnation negotiations with Gurka is not relevant or material to any disputed issue of material fact and should be disregarded. Point of error one is sustained. Points two through four are, therefore, not reached.

We reverse the judgment of dismissal and remand the cause to the trial court for entry of judgment on the verdict.