

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 02-14-00178-CV**


KENNETH RUSSELL AND TERESA
RUSSELL

APPELLANTS

V.

STATE OF TEXAS AND TARRANT
COUNTY, TEXAS

APPELLEES

----------

## FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY
TRIAL COURT NO. 2013-001970-2

----------

## MEMORANDUM OPINION[1]

----------

In two issues, Appellants Kenneth Russell and Teresa Russell (collectively,

the Russells) appeal the trial court's order denying their application for temporary

---

[1]*See* Tex. R. App. P. 47.4.

injunction against Appellees the State of Texas (the State) and Tarrant County, Texas (the County).[2]  We affirm.

## Background

The Russells own land in Benbrook, Tarrant County, Texas.  On August 4, 2005, the Benbrook City Council passed Resolution No. 2005-16, which supported the inclusion of the widening of Benbrook Boulevard (U.S. 377) from Interstate 20 to Winscott Road as part of the Tarrant County Transportation Bond program and committed at least $1 million from the City's general obligation bonds or certificates of obligation as matching funds for the project.  Minutes from the January 5, 2012 Benbrook City Council meeting reflect that David Gattis, Benbrook's Deputy City Manager, delivered a report to the city council on a proposed memorandum of understanding between the City of Benbrook, the County, the Regional Transportation Council, and the Texas Department of Public Transportation for funding and implementation of the project to widen U.S. 377.  In his report, Gattis informed the council that the County would assume responsibility for the right-of-way acquisition.  A motion was made and seconded to approve the memorandum agreement and to authorize the mayor to execute it, but the minutes do not reflect that the city council voted on the motion.

By resolution and order adopted by the Tarrant County Commissioners Court on March 13, 2012, the Commissioners Court ordered and decreed that a

---

[2]This is an accelerated interlocutory appeal.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (West 2015).

2

public necessity existed for the construction of the roadway improvements on U.S. 377 from Winscott Road/Lakeway Drive to Interstate 20, approved plans for the project, and authorized the Right of Way Section of the Tarrant County Transportation Services Department to acquire by negotiation tracts of land located within and needed for the project. On March 19, 2013, the Tarrant County Commissioners Court passed a resolution authorizing the County to use the power of eminent domain to acquire 863 square feet of the Russells' property for the purpose of making improvements to U.S. 377 and the Tarrant County District Attorney to file condemnation proceedings for the acquisition of the Russells' property.

The State and the County filed a petition for condemnation on April 3, 2013. On April 5, 2013, the county court appointed three special commissioners to determine the Russells' damages arising from the condemnation. The special commissioners scheduled a hearing for May 1, 2013, and the Russells were served with notices of hearing through their attorney on April 17, 2013. The special commissioners rescheduled the hearing to June 12, 2013, and the Russells were served with amended notices of hearing through their attorney on May 6, 2013. On June 7, 2013, the Russells' counsel filed a motion for continuance of the hearing, and the special commissioners rescheduled the hearing for June 26, 2013.

The hearing was held on June 26, 2013. The Russells did not attend. The special commissioners awarded the Russells $18,336 for the value of the land taken and assessed costs and fees against the Russells.

On July 8, 2013, the Russells filed a plea to the jurisdiction and objection to the award. Shortly thereafter, the State and the County deposited $18,336 into the registry of the court and claimed the right to enter upon and take possession of the property. On March 13, 2014, the Russells filed an application for temporary restraining order and temporary injunction, alleging that the State and the County had commenced work on the project and were threatening to trespass on their property and asking the trial court to enjoin the State and the County from entering on their property. The trial court denied the Russells' application for temporary restraining order and their application for temporary injunction.

## Standard of Review

A temporary injunction's purpose is to preserve the status quo of the litigation's subject matter pending a trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (citing *Walling v. Metcalfe*, 863 S.W.2d 56, 57 (Tex.1993)). Whether to grant or deny a temporary injunction is within the trial court's sound discretion. *Id.*

A temporary injunction is an extraordinary remedy and will not issue as a matter of right. *Id.* To obtain a temporary injunction, an applicant must plead and prove (1) a cause of action against the defendant; (2) a probable right to the

4

relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Id.* A probable right of recovery is shown by alleging a cause of action and presenting evidence tending to sustain it. *Frequent Flyer Depot, Inc. v. Am. Airlines, Inc.*, 281 S.W.3d 215, 220 (Tex. App.—Fort Worth 2009, pet. denied), *cert. denied*, 559 U.S. 1036 (2010). An injury is irreparable if damages would not adequately compensate the injured party or if they cannot be measured by any certain pecuniary standard. *Butnaru*, 84 S.W.3d at 204; *Frequent Flyer Depot*, 281 S.W.3d at 220.

On appeal, we do not review the merits of the underlying case. *Davis v. Huey*, 571 S.W.2d 859, 861 (Tex. 1978). Instead, we determine only whether there has been an abuse of discretion by the trial court in granting or denying the relief. *Id.* at 861–62. Given the abuse of discretion standard, we review the evidence submitted to the trial court in the light most favorable to the court's ruling, draw all legitimate inferences from the evidence, and defer to the trial court's resolution of conflicting evidence. *See IAC, Ltd. v. Bell Helicopter Textron, Inc.*, 160 S.W.3d 191, 196 (Tex. App.—Fort Worth 2005, no pet.). A reviewing court will not reverse an order on a temporary injunction unless the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion. *EMSL Analytical, Inc. v. Younker*, 154 S.W.3d 693, 696 (Tex. App.—Houston [14th Dist.] 2004, no pet.). The trial court does not abuse its discretion when basing its decision concerning a temporary injunction on conflicting evidence, nor does it abuse its discretion when some evidence of substantive

5

and probative character exists to support its decision. *Wright v. Sport Supply Grp., Inc.*, 137 S.W.3d 289, 292 (Tex. App.—Beaumont 2004, no pet.).

## Discussion

To obtain a temporary injunction, the Russells were required to show that they had a probable right to recovery on their trespass cause of action against the State and the County. *See Frequent Flyer Depot*, 281 S.W.3d at 220. A probable right of recovery is shown by alleging a cause of action and presenting evidence tending to sustain it. *Argyle Indep. Sch. Dist. ex rel. Bd. of Trs. v. Wolf*, 234 S.W.3d 229, 236 (Tex. App.—Fort Worth 2007, no pet.). But an applicant for a temporary injunction is not required to establish that it will ultimately prevail at trial. *In re Talco-Bogata Consol. Indep. Sch. Dist. Bond Election*, 994 S.W.2d 343, 345 (Tex. App.—Texarkana 1999, no pet.).

The State and the County claimed they were entitled to enter upon and take possession of the condemned property because they had deposited $18,336, the amount awarded by the special commissioners, into the registry of the court. *See* Tex. Prop. Code Ann. § 21.021(a)(2) (West 2014) (allowing the condemnor to take possession of the condemned property pending further litigation if the condemnor deposits with the court the amount of money awarded by the special commissioners). A condemnor that complies with property code section 21.021 is rightfully in possession of the property and cannot be guilty of trespass. *See Ludewig v. Houston Pipeline Co.*, 773 S.W.2d 610, 615 (Tex. App.—Corpus Christi 1989, writ denied); *Houston Lighting & Power Co. v. Klein*

6

*Indep. Sch. Dist.*, 739 S.W.2d 508, 519 (Tex. App.—Houston [14th Dist.] 1987, writ denied). In their application for temporary injunction, the Russells asserted that neither the State nor the County were entitled to possession of or entry upon the condemned property under property code section 21.021 because (1) neither entity had power to exercise the right of eminent domain at the time the condemnation petition was filed and (2) the special commissioners did not have jurisdiction to make an award because they failed to properly set the hearing and serve notice of the hearing on the Russells. Therefore, the Russells argue, any entry by the State or the County would constitute a trespass.

**Eminent Domain Authority**

In their first issue, the Russells assert the County did not have eminent domain authority to condemn their property during the administrative phase of the proceeding because the City of Benbrook had not authorized the County to exercise the power of eminent domain for state highway purposes within its municipal limits. The Russells argue that Tarrant County's lack of eminent domain authority during the administrative phase invalidates any actions taken during that phase, including the acquisition of their property and the special commissioners' award. The Russells further argue that because the award was invalid, the State and the County were not entitled to possession of the condemned property under property code section 21.021. *See* Tex. Prop. Code Ann. § 21.021; *see also In re Tex. Rice Land Partners, Ltd.*, 402 S.W.3d 334, 339 (Tex. App.—Beaumont 2013, orig. proceeding [mand. denied]) ("Section

7

21.021 allows a party with eminent domain authority to take possession of the condemned property, 'pending the results of further litigation' if that party . . . deposits the amount of the award into the registry of the court." (quoting Tex. Prop. Code Ann. § 21.021)).

The commissioners court of a county may acquire by purchase or eminent domain any real property, including a right-of-way, that the Texas Transportation Commission determines is necessary or convenient to a state highway to be constructed, reconstructed, maintained, widened, straightened, or extended. Tex. Transp. Code Ann. § 224.003(a) (West 2011). The acquisition is on behalf of and with title to the State. *Id.* § 224.003(c) (West 2011). However, "[t]he commissioners court may exercise the power of eminent domain within the limits of a municipality only with the prior consent of the municipality's governing body." *Id.* § 224.003(d) (West 2011). The Russells argue that at the time the County conducted the administrative phase of the proceeding, it had not satisfied the consent requirement in section 224.003(d), and therefore, it could not exercise the power of eminent domain on their property. *See id.*

"A municipal governing body officially expresses itself through its official proceedings, as manifested in orders, resolutions, and minutes." *Whittington v. City of Austin*, 174 S.W.3d 889, 900 (Tex. App.—Austin 2005, pet. denied) (citing *Horton v. Mills Cnty.*, 468 S.W.2d 876, 878 (Tex. Civ. App.—Austin 1971, no writ)). At the temporary injunction hearing, the trial court admitted into evidence Resolution 2005-16 and minutes from the January 5, 2012 Benbrook City Council

8

Meeting. The trial court also admitted into evidence Resolution No. 2014-03, which the Benbrook City Council passed at a regular meeting held April 17, 2014, four days prior to the temporary injunction hearing. The April 17, 2014 resolution stated in pertinent part as follows:

**WHEREAS,** by Resolution No. 2005-16 dated August 4, 2005, the Benbrook City Council resolved to fully support the inclusion of the widening of Benbrook Boulevard from I-20 to Winscott Road as part of the Tarrant County Transportation Bond program; and

**WHEREAS,** on January 5, 2012, the Benbrook City Council approved a Memorandum of Agreement among the City, Tarrant County, Regional Transportation Council and the Texas Department of Transportation outlining the commitments and responsibilities of these entities with respect to accomplishing the widening of Benbrook Boulevard from I-20 to Winscott Road, hereinafter referred to as "the Project;" and

. . . .

**WHEREAS,** the Minutes from the January 5, 2012, [sic] Benbrook City Council meeting reflect the City Council's understanding that Tarrant County would assume responsibility for right-of-way acquisition for the Project; and

. . . .

**WHEREAS,** the City Council has at all times consented to Tarrant County's exercise of its power of eminent domain within the city limits of the City of Benbrook as necessary for acquisition of the right-of-way for the Project.

**NOW, THEREFORE, BE IT RESOLVED, BY THE CITY OF BENBROOK, TEXAS:**

That in order to alleviate any potential misunderstanding concerning the City Council's prior understanding and consent to Tarrant County exercising its power of eminent domain associated with this Project, the City Council hereby expressly states and reaffirms its consent in accordance with Section 224.003(d) of the

9

Texas Transportation Code, and ratifies any exercise of this power by Tarrant County for the Project prior to the date of this Resolution.

The State and the County assert that these three documents evidence the Benbrook City Council's consent to the County exercising the power of eminent domain in Benbrook's city limits. The Russells argue these documents do not demonstrate the city council's consent because (1) Resolution 2005-16 does not mention who is going to acquire the property; (2) the minutes from the January 5, 2012 city council meeting do not reflect that the city council voted to approve the memorandum of understanding; and (3) Resolution No. 2014-03 was passed after the State and the County filed their condemnation petition and the special commissioners had made their award.

The property code permits a party with eminent domain authority that wants to acquire real property for public use to file a condemnation petition. *See* Tex. Prop. Code Ann. § 21.012(a) (West 2014). It further allows a party with eminent domain authority to take possession of the condemned property after the special commissioners have made an award, "pending the results of further litigation" if that party pays the property owner the amount of damages and costs awarded by the special commissioners or deposits the amount of the award into the registry of the court. *See id.* § 21.021. "The question whether the bringing of [a condemnation] suit was authorized is not jurisdictional, and if authorization is

10

challenged, may be decided by the court in usual litigation procedures."[3] *Lin v. Houston Cmty. Coll. Sys.*, 948 S.W.2d 328, 335 (Tex. App.—Amarillo 1997, writ denied). Viewing the evidence in the light most favorable to the court's ruling and drawing all legitimate inferences from the evidence, we conclude that the evidence is sufficient to support the trial court's implicit determination that the City of Benbrook had authorized the County to exercise its power of eminent domain within Benbrook's city limits. *See id.* at 335 (holding college's agents had authority to bring condemnation action under section 21.012 even though formal resolution authorizing condemnation action was not adopted until after the action was filed); *cf. City of Bells v. Greater Texoma Util. Auth.*, 790 S.W.2d 6, 11 (Tex. App.—Dallas 1990, writ denied) (holding that although ratification does not have a retroactive effect, a governing board can "again authorize actions which were previously authorized at an invalid meeting"). Accordingly, we overrule the Russells' first issue.

**Notice of the Hearing**

In their second issue, the Russells contend the special commissioners failed to issue and serve notice of the June 26 hearing in accordance with property code sections 21.015 and 21.016. *See* Tex. Prop. Code Ann.

---

[3]The Russells did not argue in their application for temporary injunction and do not argue on appeal that the City of Benbrook's lack of consent deprived the trial court of jurisdiction. However, they do not concede that this alleged defect is not jurisdictional. They contend that it is jurisdictional but assert that "those arguments are reserved for another day."

11

§§ 21.015, .016 (West 2014). The Russells argue that because notice of the June 26, 2013 hearing was never issued or served on them, the special commissioners did not have jurisdiction to make the condemnation award.

Condemnation proceedings begin when the condemnor files a petition with the appropriate trial court. *Id.* § 21.012(a). The judge of the court appoints three disinterested real property owners who reside in the county as special commissioners to assess the damages of the owner of the property being condemned. *Id.* § 21.014 (West 2014). The special commissioners then schedule a hearing and serve notice of the hearing on the parties. *Id.* §§ 21.015, .016. Property code section 21.015 expressly delegates to the special commissioners the authority and limited discretion to administer the time and place of hearings:

> (a) The special commissioners in an eminent domain proceeding shall promptly schedule a hearing for the parties at the earliest practical time but may not schedule a hearing to assess damages before the 20th day after the date the special commissioners were appointed. . . .
>
> (b) After notice of the hearing has been served, the special commissioners shall hear the parties at the scheduled time and place or at any other time or place to which they may adjourn the hearing.

*Id.* § 21.015. Section 21.016(a) states that "[e]ach party in an eminent domain proceeding is entitled to written notice issued by the special commissioners informing the party of the time and place of the hearing." *Id.* § 21.016(a). The notice must be served not later than twenty days before the hearing date, and a

12

person competent to testify may serve the notice. *Id.* § 21.016(b). The notice may be served by delivering a copy of the notice to the party or the party's agent or attorney. *Id.* § 21.016(d)(1). The notice may be served as prescribed by rule 21a of the rules of civil procedure. *State v. Bristol Hotel Asset Co.*, 65 S.W.3d 638, 642 (Tex. 2001); *see* Tex. R. Civ. P. 21a. Unless notice has been properly served as provided in the statute, the special commissioners have no jurisdiction to assess damages or declare a condemnation of the property. *Bristol Hotel Asset Co.*, 65 S.W.3d at 641.

The Russells concede they were properly served with written notice of the June 12, 2013 special commissioners' hearing.[4] The special commissioners set the hearing for June 12, 2013, in the Board Room, Tarrant County Bar Association, 1315 Calhoun Street, Fort Worth, Texas. The record reflects the notice was served on the Russells through their attorney on May 6, 2013, at 10:06 a.m. by Willie F. Ingram, a person competent to testify. This is prima facie evidence that the Russells were properly served with the notice of the hearing. *See Bristol Hotel Asset Co.*, 65 S.W.3d at 642 (stating that return of service of notice of special commissioners' hearing that strictly complies with section

---

[4]The special commissioners originally scheduled the hearing for May 1, 2013. The Russells were not served with notice of the May 1 hearing until April 17, 2013, which deprived them of the twenty-day notice required by property code section 21.016(b). *See* Tex. Prop. Code Ann. § 21.016(b). It appears that the hearing was rescheduled to June 12, 2013, to comply with this notice requirement.

13

21.016 is prima facie evidence that condemnee has been served with notice in compliance with the statute).

On June 7, 2013, the Russells filed a motion for continuance, requesting that the special commissioners reset the hearing for a later date because their appraiser was not able to complete his appraisal of the Russells' property due to the death of his sister. The Russells' counsel forwarded the motion for continuance to the special commissioners by email on June 7 and requested that the special commissioners contact him regarding their decision on the motion.

Later that day, the Russells' counsel contacted the State and the County's counsel by email, informing him that the special commissioners had agreed to continue the hearing: "The commissioners have agreed to reschedule the June 12, 2013 commissioner's [sic] hearing in the above referenced matter. Please provide our office with several dates that you, the State's appraiser and any other attendees are available so that the hearing can be rescheduled within the next 30 days." Before the close of business on June 7, the special commissioners issued a ruling by email to the parties, stating that they agreed to conduct the hearing on June 26. On June 10, in response to an email from the State and the County's counsel, one of the special commissioners confirmed in an email to the parties' counsel that he was agreeable to resetting the hearing to June 26.

The Russells did not refute the evidence of proper service of notice of the June 12 hearing. *See id.* (stating when evidence of proper service and return is introduced, condemnee must offer evidence it was not served to raise a fact

14

issue). Moreover, the Russells admit notice of the June 12 hearing was properly served on them. They further admit they initiated the rescheduling of the June 12 hearing and knew that the hearing had been rescheduled to June 26. On cross-examination during the temporary injunction hearing, Kenneth Russell testified that he chose not to appear at the hearing. The Russells' attorney also stated on the record at the hearing, "We knew what date the hearing was going to be on. There's no question about that."

Jurisdiction vested with the special commissioners when the notice of the June 12 hearing was served. *See Martin v. City of Rowlett*, No. 05-07-00972-CV, 2008 WL 5076629, at *2 (Tex. App.—Dallas Dec. 2, 2008, no pet.) (mem. op.). The fact that the time of the hearing changed did not divest the special commissioners of jurisdiction. *See id.* (holding that a change of the place of condemnation hearing after notice was properly served on condemnee did not divest special commissioners of jurisdiction); *see also Flynt v. Garcia*, 587 S.W.2d 109, 109–10 (Tex. 1979) ("[W]here jurisdiction is once lawfully and properly acquired, no subsequent fact or event in the particular case serves to defeat that jurisdiction."). Accordingly, we overrule the Russells' second issue.

15

## Conclusion

Having overruled both of the Russells' issues, we conclude the trial court did not abuse its discretion by denying their application for temporary injunction. Therefore, we affirm the trial court's order.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED:  April 16, 2015